CHARLES LEVINE *v.* ZONING BOARD OF APPEALS OF
MERIDEN ET AL.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, JS.

Argued January 5th—decided March 2d, 1938.

*Dennis T. O'Brien, Jr.,* with whom, on the brief, was *I. Henry Mag,* for the appellants (defendants).

*Israel Nair,* with whom, on the brief, was *David L. Nair,* for the appellee (plaintiff).

JENNINGS, J.   Meriden adopted a zoning ordinance and regulations and established a board of appeals on October 3d, 1927, under the general law.   These ordinances provided that no change of use of premises would be permitted until the building department issued a certificate of occupancy defining that use. Pursuant to this provision, the plaintiff, who conducts a coal and fuel yard on his premises, applied to the building department for such a certificate and was referred to the board of appeals for a ruling.   After due notice and hearing the board voted that the application of the plaintiff "to vary the ordinance, be not granted."   On appeal to the Superior Court this

order was reversed and the defendants were ordered to grant the application. The latter appeal to this court from that judgment.

According to the finding, the premises of the plaintiff on Cambridge Street were formerly used as the location of a grain, feed and coal business. For more than two years, the plaintiff has there maintained a neatly kept coal and fuel yard of moderate size. His property is located in an industrial zone and there is but one kind of industrial zone in Meriden. All of the property on both sides of Cambridge Street is zoned for industry and all of the buildings facing on Cambridge Street, except the plaintiff's, are factory buildings. On dead end streets running south from Cambridge Street within the industrial district are several small, well-kept residences built before the adoption of the ordinance.

The Napier Company owns a large plant manufacturing plated novelties and jewelry adjacent to the property of the plaintiff. In 1929 it spent about $100,000 in beautifying its property. It appeared against the plaintiff's application and several adjoining property owners filed petitions in opposition thereto. These petitions of the company and the property owners recited that the establishment of the proposed business was contrary to the provisions of the ordinance relating to industrial districts but quoted provisions relating to commercial districts. The proposed operation of the plaintiff consisted of the collection of scrap metal, transporting it to his yard, storing it there exposed to the elements and cutting it up. It excluded the handling of rags, paper or automobiles and any burning or smelting. It would not create any odor, vermin, rodents or vibration and no dirt or noise other than that incidental and comparable to the industrial use of the neighborhood.

The court personally viewed the premises. It came to the conclusions that the proposed use of the plaintiff's property was proper, that it violated no provision of the zoning ordinance as applied to industrial zones and that the action of the board in refusing the application was unreasonable, in abuse of its discretion and illegal.

The finding contains a statement that "the members of the Zoning Board of Appeals were not familiar with the conduct of a scrap iron and metal business." While the evidence shows that this statement is strictly true, it also shows that the following statement from the draft-finding more accurately portrays the undisputed fact on this point: "The members of the Zoning Board of Appeals had viewed the premises of the plaintiff and were familiar with said premises and property in the vicinity and were familiar with junk or scrap metal yards from personal contact and observation." The finding is corrected in this respect. The only applicable sections of the zoning ordinance are printed in the footnote.

Section 1. (d) In interpreting and applying the provisions of this ordinance they shall be held to be minimum requirements for the promotion of the health, safety, convenience and welfare of the inhabitants, for reducing the danger from fire, for protecting property and for improving the City of Meriden.

Section 2. In an industrial district: (a) Use: No building or premises shall be erected, altered or used for any of the following specified trades, industries or uses unless the Board of Appeals shall rule that such use under such conditions and in such a building as it may prescribe will not be detrimental or injurious to the neighborhood: . . . (30) Any other trade, industry or use that is injurious, noxious or offensive to a neighborhood by reason of the emission of odor, fumes, dust, smoke, vibration or noise or other cause, but not including places of amusement.

Section 10. (d) . . . The Board shall act on all matters within its jurisdiction under this ordinance in the manner prescribed in said sections of said chapter and subject always to the rule that 'due consideration shall be given to conserving the public health, safety, convenience, welfare and property values.

The board gave no reason for its action in rejecting the application. It was not strictly necessary for it to do so, but it is good practice and helpful in interpreting its motives. *Perdue* v. *Zoning Board of Appeals,* 118 Conn. 174, 178, 179, 171 Atl. 26. As we said of the analogous proceeding of an appeal from the liquor control commission: "Where it does not appear on the hearing upon the appeal what conclusions of fact the commission reached, the court can only, by hearing the evidence or by reference, determine what the facts were and assume that the commission had those facts before it." *Skarzynski* v. *Liquor Control Commission,* 122 Conn. 522, 526, 191 Atl. 98. The issue upon the appeal is "whether the board had acted arbitrarily or illegally, or so unreasonably as to have abused its discretion." *Piccolo* v. *West Haven,* 120 Conn. 449, 453, 181 Atl. 615. There is a presumption that administrative boards of this character have acted "fairly, with proper motives and upon valid reasons, and not arbitrarily." *St. Patrick's Church Corp.* v. *Daniels,* 113 Conn. 132, 139, 154 Atl. 343.

Analyzing the finding, there were three possible bases for the action of the board.

(1) The petitions contained statements that junk yards were prohibited in industrial zones. This statement was erroneous. Junk yards were forbidden in commercial zones but not, in terms, in industrial zones. There is some indication that the board thought it was being asked to vary the ordinance instead of to certify a permissive use. If this was the basis of its action, it was necessarily applying an erroneous rule of law and its action was illegal.

(2) The use which the plaintiff proposed for its property was not one of the uses specified in § 2 of the ordinance. He had the right then to use his property for that purpose unless, under subsection 30, the use

would be "injurious, noxious or offensive to a neighborhood by reason of the emission of odor, fumes, dust, smoke, vibration or noise or other cause," and on the further condition, considered under (3), that the board should rule that the use under such conditions and in such a building as it might prescribe would not be detrimental or injurious to the neighborhood. In the absence of any finding by the board that the proposed use would violate the conditions of subsection 30, it was the duty of the trial court on appeal to determine the fact on evidence presented. *Skarzynski* v. *Liquor Control Commission,* supra. This was done with care. The evidence supports the finding and the finding the conclusion that none of these violations would occur. It follows that there is no merit in the claim that a violation of the provisions of subsection 30 supports the action of the board.

(3) The third possible ground for sustaining the board, referred to above, is found in the preliminary sentence of § 2, quoted in the footnote, as follows: "No building or premises shall be erected, altered or used for any of the following specified trades, industries or uses unless the Board of Appeals shall rule that such use under such conditions and in such a building as it may prescribe will not be detrimental or injurious to the neighborhood." By its wording and position it can only refer to the twenty-nine specific uses thereafter enumerated. As has been seen, the proposed use of his property by the plaintiff comes under none of the first twenty-nine prohibited uses of § 2, it has been found by the court not to come within the prohibition of subsection 30, therefore no part of § 2 applies to the situation before the board.

Since no other basis for the action of the board has been suggested or found, the conclusion of the court was correct.

The judgment of the trial court simply directed that a certificate of occupancy be granted to the plaintiff. The board and trial court both assumed that certain conditions stated in the application would be observed. Jurisdiction is given to the building department to impose conditions under which certificates of occupancy will be granted and the judgment should have been limited in this respect. Where the foundations sufficient to support a judgment are found to exist, a modification of the judgment rendered is proper with a view of ending the litigation. *Coughlin* v. *McElroy,* 72 Conn. 444, 446, 44 Atl. 743; *Nowsky* v. *Siedlecki,* 83 Conn. 109, 118, 75 Atl. 135; *White* v. *Greene,* 96 Conn. 265, 272, 114 Atl. 112. The judgment should have ordered that the application of the plaintiff be granted under such terms and conditions as the board might reasonably prescribe.

There is error in the form of judgment only and the case is remanded for entry of judgment in accordance with this opinion.

In this opinion the other judges concurred.