WILLIAM H. GRADY ET AL. *v.* JACOB KATZ ET ALS.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued June 8th—decided July 12th, 1938.

*Vincent P. Dooley* and *Bernard Greenberg,* with whom, on the brief, was *Harold C. Donegan,* for the appellants (defendants).

*George J. Grady,* with whom, on the brief, was *Edward L. Reynolds,* for the appellees (plaintiffs).

Brown, J.   Pursuant to a special act of the General Assembly, No. 490, Special Laws of 1925, the city of New Haven on December 17th, 1926, adopted an ordinance, since amended, dividing the city into zones and regulating the use, height and bulk of buildings and the areas of lots.   The defendant board has been constituted under § 6 of the special act and consists of five members named in the writ.   Mrs. Michael Mursko is the owner of 85 Truman Street, New Haven, consisting of a lot with a residence and a garage thereon.   The plaintiffs own 87-89 Truman Street, the adjoining property, a lot with house thereon.   Both properties are in a Residence B Zone, within which the uses permitted by the ordinance include among others a single family detached dwelling and a private garage, but not the use specified in the defendants' order hereinafter recited.   On October 18th, 1934, the building inspector ordered Michael Mursko "to discontinue the use of the garage in the rear of 85 Truman Street for business purposes as the present use of making and repairing organs, etc., is in violation of § 1013 of the Zoning Ordinances."   On October 27th, 1934, Mursko appealed to the defendant board for an order permitting him to use the garage for the commercial purpose stated, on the ground of "practical difficulty or unnecessary hardship," claiming he had used it commercially for repairing furniture since 1924

and at times for the repair and manufacture of organs. A hearing was held on his petition on November 13th, 1934.

The board's minutes stated that the building inspector's order was offered in evidence; that it also had before it in evidence an agreement of June 29th, 1929, between Mursko and the pastor of a church regarding a $3000 organ; also a statement and letters to him from dealers indicating his purchase of lumber and materials for organs during the period from 1924 to 1934; and that witnesses testified and petitions were submitted both in favor of and in opposition to the appeal. After a contested hearing the board unanimously voted to grant Mursko's appeal, the vote being thus recorded in the minutes: "the Board, after due consideration voted to grant permission to use a private garage located in the rear of the property at 85 Truman Street, for the purpose of repairing furniture and the manufacture and repair of organs; provided, however, that there shall be no alteration of the exterior of said garage, nor any sign displayed in connection with said business."

Section 6 of No. 490 of the Special Laws of 1925 provides that the "board shall keep minutes of its proceedings, showing the vote of each member upon every question . . . and shall also keep records of its examination and other official actions"; that it may reverse, affirm or modify an order appealed from and shall have all the powers of the authority from whose decision the appeal is had; that "when it shall appear to at least four members of said board that difficulty or unreasonable hardship might result in carrying out the strict letter of any ordinance concerning which an appeal has been taken, said board shall have the power, after such hearing is concluded, to vary or modify the application of the rules, regulations and provi-

sions, relating to the construction, structural changes in, equipment or alteration of, buildings or structures, provided such change, modification or variance shall not violate the spirit of the ordinance. Said board . . . may also hear and act upon other matters for which provision is made in the ordinance." Subsection 7 of § 1033 of the ordinances of the city of New Haven provides: "Where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of any provision of this ordinance or where the effect of the application of the ordinance is arbitrary, the board of zoning appeals shall have power in a specific case to vary any such provision in harmony with its general purpose and intent so that the public health, safety and general welfare may be secured and substantial justice done." The record fails to show that the board in granting Mursko's application found any "practical difficulties or unnecessary hardships" in the way of carrying out the strict letter of the zoning ordinance.

The court sustained the plaintiffs' appeal from the defendants' order and reached these among other conclusions: (1) without a finding of "practical difficulties or unnecessary hardship" the defendant board cannot set aside the zoning ordinance in a specific case; (2) no admissible evidence supported a conclusion or finding of "practical difficulties or unnecessary hardships"; (3) the decision of the board in granting the application was contrary to and not in harmony with the general purpose and intent of the zoning statute and ordinance; and (4) the board in granting the application acted illegally and exceeded its powers under the zoning statute and ordinance.

The record indicates no claim made of a nonconforming use of the Mursko property existent at the enactment of the ordinance as affording a basis for the

board's ruling, but that any evidence before it of use of the garage by Mursko in violation of the ordinance was only to show the claimed unnecessary hardship upon him caused by the building inspector's order. The question for our determination, therefore, is confined to whether or not the court was correct in adjudging the board unwarranted in concluding that the facts disclosed "practical difficulties or unnecessary hardships" upon Mursko under the ordinance, entitling him to permission to engage in the nonconforming use specified in its order appealed from. As we stated in a case involving the exercise of powers granted by provisions similar to those here in question: " 'It is manifest . . . that the power of authorizing variations from the general provisions of the statute is designed to be sparingly exercised. It is only in rare instances and under exceptional circumstances that relaxation of the general restrictions established by the statute ought to be permitted. The power granted is only for the relief of specific instances, peculiar in their nature.' *Norcross* v. *Board of Appeal* [255 Mass. 177, 185, 150 N. E. 887, 890]." *Thayer* v. *Board of Appeals,* 114 Conn. 15, 23, 157 Atl. 273. And as we further stated in that opinion at page 22: "Disadvantage in property value or income, or both, to a single owner of property, resulting from application of zoning restrictions, does not, ordinarily, warrant relaxation in his favor on the ground of practical difficulty or unnecessary hardship." These principles must be taken into consideration in determining whether or not the board had reasonable grounds for its action in this case.

The defendants contend that the court erred in basing its first conclusion upon the fact that there was no finding of unnecessary hardship by the board because the order passed by the board ipso facto consti-

tuted a finding of fact for him upon the allegation of his application. It is true that it was not legally necessary for the board to make a formal finding that the ordinance imposed unnecessary hardship upon Mursko, but a full and complete statement in the minutes of the board's action, made with such particularity as to enable the court upon appeal to clearly understand what was done, is highly desirable. *Perdue* v. *Zoning Board of Appeals,* 118 Conn. 174, 178, 179, 171 Atl. 26. As we indicated in *Skarzynski* v. *Liquor Control Commission,* 122 Conn. 521, 526, 191 Atl. 198, in an appeal from an administrative board the propriety of a decision reached by it may be attacked upon the ground that it was not legally warranted by the facts upon which the board acted as they appear in its records, or that the conclusion of the board was one which it could not reasonably reach upon the evidence before it and the matters properly to be considered, or upon the basis of a determination by the court of what the facts really were and the assumption that those were the ones upon which the board acted. *Levine* v. *Zoning Board of Appeals of Meriden,* 124 Conn. 53, 58, 198 Atl. 173.

The second method was that which was adopted by the plaintiffs in this case. They offered evidence as to the testimony before the board upon which it acted and what that evidence was is stated in the trial court's finding, which is not subject to correction. Construing it most favorably to uphold the ruling of the board, as we must do, it was to this effect: the garage used by Mursko was about twenty-one feet from the plaintiffs' house, which is upon adjoining premises and occupied by one of them with his family. Mursko worked during the day for an organ manufacturing company but he had worked at night in the garage repairing furniture and building organs

continuously since 1924; he began the manufacture of a church organ in 1930, and in 1932 and 1934 he manufactured two other organs. The work involving the use of a buzz saw and other sawing and hammering, as well as the playing and tuning of the organs, created a great deal of noise and vibration, disturbing the peace and comfort of the plaintiffs and others, affecting the residential use of the neighborhood, and, by reason of the manner in which the premises were used for storing kiln-dried wood and parking automobiles in the yard incident to working in the garage, creating a fire hazard. There is no finding of any evidence before the board as to Mursko's inability to find elsewhere a satisfactory place in which to carry on the business or that his moving it to some other place would impose an onerous burden, financially or otherwise, upon him. The conclusions of the trial court determinative of the case, that the evidence before the board did not warrant a finding of practical difficulties or unnecessary hardships, and that the decision of the board in granting the application was contrary to and not in harmony with the general purpose and intent of the zoning statute and ordinance, were correct.

The defendants sought to have the finding corrected to include the testimony of a member of the board that in his opinion upon all the testimony before it, Mursko had been carrying on his work for some time and that a denial of his application would involve hardship upon him, and also the testimony of this and another member that in their opinion the action of the board was in accord with substantial justice. Such evidence is not available to show the reasons actuating the board or the grounds of its decision, and is insufficient to support a conclusion of unnecessary hardship when balanced against the other obvious considera-

tions. *Thayer* v. *Board of Appeals,* supra, 20, 21. A further correction sought is that there was also evidence through these witnesses that the board "did not consider" that what Mursko was doing was seriously detrimental to others, and that it "felt" warranted in granting the permission to him as doing substantial justice to all. Whether such oral testimony as to the reasons for a board's action where there is no record is admissible, we need not determine, for it is clear in this case that the addition of these facts to the finding would fall far short of justifying the board's action appealed from.

There is no error.

In this opinion the other judges concurred.