## CHIARINA COSTANTINO
*vs.*
## BOARD OF ZONING APPEALS OF NEW HAVEN

Superior Court      New Haven County      File No. 54445

MEMORANDUM FILED FEBRUARY 7, 1939.

*Spencer S. Hoyt,* of New Haven, for the Plaintiff.

*Vincent P. Dooley,* Corporation Counsel, of New Haven; *Harold C. Donegan,* of New Haven; *FitzGerald, Foote & Fitz-Gerald,* of New Haven, for the Defendant.

ELLS, J. This is an appeal from a denial by the Zoning Board of Appeals of the City of New Haven of a petition for permission to use certain premises for business purposes.

There is the usual allegation that the board acted arbitrarily and illegally and in abuse of the discretion reposed in it. The record reveals that the board acted fairly, carefully, consider-

ately. Unusual pains were taken. The action at first was unanimous, but after rehearing and reconsideration, there was a divided board.

The real issue raised by the appeal is stated in the claim that "the preponderance of the evidence showed that the said premises had, long before the enactment of the zoning ordinances been used for business purposes and has been used for business purposes since the enactment of said zoning ordinances to the present date; in that the Board of Zoning Appeals erred in their application of the laws and decisions covering the situation set out above."

The building is a two-car garage which had been used as a small plumbing shop prior to the enactment of the zoning law. It ceased to be a plumbing shop in 1927 or 1928. The appellant claims it was thereafter used for storage purposes in connection with a nearby grocery store until the present tenant, a baker, came in, in 1936. It is claimed there has been a continuous occupancy for business uses.

I am unable to agree with the applicant's claims as to the facts. There is doubt whether this garage, 20x18, was ever a real plumbing shop. There is evidence that a tenant, a plumber, used it to store a car, and that he set up a bench upon which he did some plumbing work. But assuming that it was legally a plumbing shop, the credible testimony is that after 1928 the building was used only as a two-car garage, and that thus it reverted to its conforming use. Its use as a plumbing shop was a nonconforming use "which it was the ultimate purpose of the zoning ordinances to exclude from this area. They contemplated that such buildings [uses] should be reduced to conformity as completely and speedily as possible, with due regard to the interests of those concerned, and that in no case should the nonconformity be allowed to increase." *Piccolo vs. West Haven,* 120 Conn. 449, 453.

In a case whose essential facts were similar to those in the present case, the court says: "Temporary nonoccupancy of the premises or interruption or suspension of a nonconforming use without substitution of a conforming use or conduct significant of abandonment would not work a termination of the right to resume the former, but this result ensues from such a definite and substantial departure from the previously existing conditions and nature of use as is constituted by the use of the defendant's premises for residence purposes in 1927 and

1928." *Darien vs. Webb,* 115 Conn. 581, 586.

In the present case there was substitution of a conforming use and there was conduct significant of abandonment. There was a definite and substantial departure from the previously existing condition and nature of use.

The facts do not warrant relaxation in the appellant's favor on the ground of practical difficulty or unnecessary hardship. *Grady vs. Katz,* 124 Conn. 525. During the second hearing two members of the board changed their votes apparently because they were afraid an alleged remark made in the building inspector's office might have misled the applicant, to his detriment. Neither the evidence introduced upon appeal, nor the law, warrant me in reversing the majority action. There is no basis for an estoppel, nor for the claim of "practical difficulty or undue hardship."

Judgment is for the defendant, dismissing the appeal.