## MINERVA TIPPER
### *vs.*
## ROBERT SMITH, COMMISSIONER OF WELFARE ET AL.

Superior Court          New Haven County          File No. 59502

MEMORANDUM FILED JANUARY 11, 1941.

*Richman & Silver*, of New Haven, for the Plaintiff.

*Francis A. Pallotti*, Attorney General, and *Richard F. Corkey*, Assistant Attorney General, for the Defendants.

BALDWIN, J.   The plaintiff has appealed under section 613e of the 1939 Supplement to the General Statutes from a decision of the director of old age assistance, and in her appeal she alleges that she is aggrieved by the decision of the director. Defendants have demurred because "said complaint fails to allege any facts under which the court may review the action of the administrative tribunal."   The allegation in the appeal is that the plaintiff is aggrieved by the order of the director of the bureau of old age assistance.   This is an allegation of fact and it conforms with the provision of the statute providing for an appeal.   Defendants, in support of the demurrer, argue that the appeal should contain an allegation that the director acted arbitrarily, illegally or in abuse of his discretion, and since it did not contain such allegation the demurrer should be sus-tained.   Under the allegation that she is aggrieved, plaintiff may prove that the director acted arbitrarily, illegally or in abuse of discretion, or she may attack the authority of the director to act for the bureau in the matter of holding a hear-ing and rendering a decision upon her application under the provisions of the statute, or there may be other questions properly raised upon this appeal.

"In an appeal from an administrative board the propriety of a decision reached by it may be attacked upon the ground that it was not legally warranted by the facts upon which the board acted as they appear in its records, or that the con-clusion of the board was one which it could not reasonably reach upon the evidence before it and the matters properly to be considered, or upon the basis of a determination by the court of what the facts really were and the assumption that those were the ones upon which the board acted."   *Grady vs. Katz,* 124 Conn. 525, 530.   *See, also, Levine vs. Zoning Board of Appeals of Meriden,* 124 Conn. 53, 58; *Perdue vs. Zoning Board of Appeals,* 118 id. 174, 178.

The demurrer is overruled.