## ST. CASIMIR LITHUANIAN SOCIETY

*vs.*

## BOARD OF ZONING APPEALS, TOWN OF WINDSOR

Court of Common Pleas    Hartford County    File No. 41015

MEMORANDUM FILED OCTOBER 17, 1941.

*Jacob Bresnerkoff,* of Hartford, for the Plaintiff.

*Howard W. Alcorn,* of Hartford, for the Defendant.

KLAU, J. This is an appeal from the decision of the Board of Zoning Appeals of the Town of Windsor denying an application of the plaintiff for a temporary and conditional permit for the sale of alcoholic liquor for club purposes upon its premises on West Street in the District of Poquonock in the Town of Windsor.

The Board of Zoning Appeals of the Town of Windsor has been established pursuant to the provisions of section 6 of Special Act No. 305 of the 1931 Special Laws of this State.

Sections 6, 7 and 9 of that Act correspond almost verbatim with sections 427, 428 and 429 of chapter 29 of the General Statutes, Revision of 1930.

Under section 7 of that Act, the Board is empowered to hear and decide all matters referred to it or upon which it shall be required to pass under any ordinance, rule or regulation relating to the zoning of the town, and the concurrent vote of four of the five members of the Board is necessary to effect any variation in any such ordinance, rule or regulation.

The zoning ordinance of the Town of Windsor enacted by the zoning commission of that town pursuant to the power vested in it by the aforesaid Special Act, was adopted on July 3, 1931, and has been amended from time to time since that date.

Under that ordinance, the town has been divided into "A", "B", "C" residence zones, business, light industrial and indus-

trial zones. The uses permitted in each such zones have been specified in that ordinance.

Section II of the ordinance enumerates the uses permitted in residential zones and is completely silent with respect to the use of any building or premises in such zones for the sale or exchange of spirituous and alcoholic liquors, either at wholesale or retail, or whether for consumption upon the premises or otherwise.

The omission of express authority to sell liquor on premises situated in a residence zone implies a prohibition against such a use in such a zone.

In business zones (Section III of the ordinance), light industrial zones (Section IV of the ordinance), and industrial zones (Section V of the ordinance), the sale of alcoholic liquors is permissible only provided the building or premises used for such a purpose is not within 1,000 feet in a direct line from any other building in which alcoholic liquors are sold, etc., or is not within 200 feet in a direct line from any church, public school, hospital, etc.

The Zoning Board of Appeals is authorized under section XV of the zoning ordinance, in a specific case, after public notice and hearing and subject to appropriate conditions and safeguards, to determine and vary the application of the regulations established in the ordinance in harmony with its general purpose and intent to the extent specifically enumerated in said section.

Subsection 6 is a further particularization of the restrictions placed upon the Board of the exercise of its powers to vary the zoning ordinance and of its authority to grant a liquor permit for club purposes as provided for in subsection 11 of section XV of the ordinance. It may, under subsection 6 of section XV, vary any requirement of the regulations contained in the ordinance in harmony with its general purpose and intent so that substantial justice may be done, and its authority must be exercised in such a manner as to secure the public health, safety and welfare solely in instances where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of the regulations.

Subsection 11 of said section XV of the zoning ordinance provides that the Board of Appeals may "Grant, in a residential zone, temporary and conditional permits of not more

than five years' duration for the sale of alcoholic liquors upon the premises used by a club for club purposes under such restrictions as made by law, but provided for a group of persons associated together and recognized by the liquor licensing authority of the state as a club." This authorization vested in the Board is not an unlimited or unrestricted one but it may be exercised only subject to the limitations and restrictions upon the Board's power contained in section 7 of the zoning act and in the opening paragraph of section XV and subsection 6 of that section of the zoning ordinance. These sections cannot be construed as authority to the Board to vary the requirements of subsection 11 of section XV of the ordinance but must be construed as constituting limitations and restrictions upon the power of the Board.

With the powers vested in the Board of Appeals, the issue before it on the application filed by the plaintiff for a temporary and conditional permit to sell alcoholic liquors on its premises, which are situated in a residential zone, was whether on the facts presented to it at the hearing, such practical difficulties or unreasonable hardships had been imposed or were being sustained by the applicant by the operation of the strict letter of the use regulations relating to residential zones, as to require the Board, in the interests of public health, safety and welfare, to give relief from the strict letter of the ordinance to the extent which it could grant relief under the provisions of subsection 11 of section XV of the ordinance.

The Board denied the application and the sole question on appeal to this court is whether the Board has acted arbitrarily or illegally or so unreasonably as to have abused its discretion on the issue which confronted it. *Blake vs. Board of Appeals,* 117 Conn. 527; *First National Bank & Trust Co. vs. Zoning Board of Appeals,* 126 id. 228, 237.

In determining this question, the court cannot substitute its judgment for that of the Board. It cannot try the case *de novo.*

The scope permitted this court in reviewing the proceedings before the Board of Appeals and its action therein has been set forth in a recent opinion of our Supreme Court. "The function of the court in reviewing the proceedings of an administrative board depends upon the character of the proceeding. In cases where the statute provides for a full hearing and record before the administrative board, the procedure

on the so-called appeal, like the procedure upon a trial before a judge, is upon the record of the proceedings before the board; and from this record it can be determined whether the board acted arbitrarily, unreasonably, or contrary to law. On the other hand, where it does not appear from the record of the proceedings before the administrative board whether or not its decision was legally warranted by the facts upon which it acted, evidence may be received by the court acting on the appeal as to the testimony before the administrative board and the proceedings upon which it acted, *Grady vs. Katz,* 124 Conn. 525, 530, 1 Atl. (2d) 137, or, on the other hand, the court upon appeal may hear evidence itself or by a reference and determine for itself what the facts were and assume that the administrative board acted upon those facts. *Levine vs. Zoning Board of Appeals of Meriden,* 124 Conn. 53, 57, 189 Atl. 173; *Skarzynski vs. Liquor Control Commission,* 122 Conn. 522, 526, 191 Atl. 98." *Beaverdale Memorial Park, Inc., vs. Danaher,* 127 Conn. 175, 182.

Section 6 of Special Act No. 305 of the Special Laws of 1931, which has been previously referred to, requires the Board to keep minutes of its proceedings showing the vote of each member on each question, or, if absent or failing to vote, indicating such fact, and requires it to keep records of its examinations and other official actions, and upon appeal, the Board is required to return to the court either the original papers acted upon, and constituting the record of the case appealed from, or certified copies thereof.

In accordance with these statutory requirements, the secretary of the Board has submitted certified copies of the records of the Zoning Board of Appeals concerning the application of the plaintiff for a club liquor permit.

In view of the fact that the record of the Board, together with other evidence taken before this court as to what actually transpired at the hearing conducted on the application by this Board on May 26, 1941, constitute all of the evidence of the facts which was before the Board, it was not necessary for the court to take additional evidence and assume that such facts as might be found from such additional evidence were actually before the Board. The record presented by the Board and the evidence of what transpired before the Board as taken by this court makes it unnecessary, and in the court's opinion, improper, to hear any other evidence.

The question is whether the Board acted arbitrarily, unreasonably or contrary to law on the evidence which it actually heard and not whether it acted arbitrarily, unreasonably or contrary to law on evidence which admittedly was not presented to it at the time of its hearing. The action of the Board must be reviewed in the light of the facts which were before it and not in the light of facts which are sought to be produced for the first time before this court.

The facts which were produced before the Board and which the Board had for its consideration were substantially as follows: The secretary of the plaintiff club appeared, accompanied by three other members of the club. The secretary was the only one who spoke in favor of the petition. No one else appeared before the Board, either in favor or in opposition to the petition. The secretary told the Board that he had been appointed to take charge of the application; that the club had purchased a building about a year ago located on West Street near the corner of Poquonock Avenue, which building is admittedly located in "A" residence zone; that the club membership consisted of about 105 men and had been in existence about 30 years; that the club was applying for a club permit for the sale of alcoholic liquors to its club members and guests at a bar to be erected in the basement of the club; that the first floor of the building would be used for a banquet hall and kitchen and the second or top floor would be used for a dance floor; that decorum would be preserved in the clubhouse, since the reputation of the club members for orderly conduct was well known; and that although there was a package store selling liquors within 1,000 feet in a direct line and also within such distance even in a straight line not measured along the highways on West Street and Poquonock Avenue, he, the secretary, did not believe that the 1,000 foot restriction, as contained in the ordinance relating to business, light industrial and industrial zones, applied to an establishment located in a residential zone. From the facts lying within the personal knowledge of each of the members of the Board who were present at the hearing, it appears there are three other establishments selling liquor under one form of permit or another in the immediate neighborhood of the club premises. All of these other establishments are located on the east side of Poquonock Avenue north of the intersection of West Street and Poquonock Avenue and are located in either a business or industrial zone, but none of these estab-

lishments actually sell hard liquor by the glass. West Street itself, although in a residential zone, is a sparsely settled street, and aside from the area of Poquonock Avenue commencing from its intersection with West Street northerly to the center of the community, the neighborhood is rural in development.

The plaintiff, at the hearing before the Zoning Board of Appeals, did not produce any evidence that the club consisted of such a group of persons as may be associated together and recognized by the liquor licensing authority of this State as a club, a condition required to be fulfilled before the Zoning Board could grant a temporary and conditional permit, even assuming that the other necessary conditions required to be present in order for it to vary the strict letter of the use regu- lations in a residence zone were shown by the petitioner to exist. The zoning board was not bound to inform the peti- tioner as to how it should proceed in fulfilling this condition or any condition upon which its approval was dependent.

The only conclusion which this court can reach, in view of the very narrow issue which is presented to it, is that the Board did not act arbitrarily or illegally or so unreasonably as to abuse its discretion.

While the actual reasons for the decision of the Board are not disclosed in the record of the hearing as presented by the Board to this court, its ultimate conclusion cannot be disturbed. As to whether the Board denied the application *only* because it was of the opinion that the location was within 1,000 feet of another liquor establishment and such a conclusion was an error of law because the 1,000 foot restriction had no applica- tion on a petition such as this involving the use of premises in a residential zone, cannot be determined from the actual record. If this was the sole and only reason for denying the application, the court might have concluded that the Board committed an error of law in making its decision. Our Su- preme Court has repeatedly urged zoning boards, as a matter of good practice, to set forth in their record of a hearing the reasons actuating their decisions, but the Board was not legally bound to do so. *Perdue vs. Zoning Board of Appeals,* 118 Conn. 174, 178, 179.

Upon the evidence which was presented to the Board at its hearing, in the light of the ultimate purpose and spirit of the zoning act and in the light of the conditions contained

both in the act and the zoning ordinance which must be shown by the petitioner at the hearing before the Board to exist or to have been complied with, and which the Board must find do exist or have been complied with before it may exercise its power to vary the strict letter of the zoning ordinance, this court cannot say that the Board acted arbitrarily, illegally or so unreasonably as to have abused its discretion.

Judgment may, therefore, be entered for the defendant.