This is an appeal from the action of the Zoning Board of Appeals of Hartford in granting to John Montano the right to conduct a package store at No. 413 Franklin Avenue, which includes the right to sell all alcoholic liquors.
The case was submitted to the court on the certified record of the proceedings before the board, and the court is called upon to determine, from the record, whether the board acted legally in varying the requirements of the zoning ordinances.
The record discloses the following facts: On December 17, 1941, John Montano filed an "Application for Variation of Zoning Ordinance Requirement" permitting him to conduct a package store at No. 413 Franklin Avenue. It stated that there were three other package stores within a radius of 1,500 feet from the applicant's location. Due notice was given and a hearing was held on December 23, 1941.
At the hearing, Mr. St. John, attorney for the applicant, appeared and argued in his behalf. Attorney Edward Seltzer appeared in behalf of this plaintiff and argued in opposition.
The plaintiff conducts a package store at No. 390 1/2 Franklin Avenue, and she claimed that the setting up of a competitive business in the immediate vicinity would injure her. The plaintiff's landlord, who resides at 390 1/2 Franklin Avenue, also opposed the application on the ground that there were already enough package stores in the neighborhood "beside the drug stores that also sell liquor." *Page 341 
That is all that transpired at the hearing, after which the board retired and took the following action:
 "COMMISSIONER LeROY: I make a motion it be granted.
COMMISSIONER ROUSSEAU: I second the motion.
The application was unanimously granted."
Does the record disclose valid reasons for the action taken by the board?
It should be stated at the outset that the plaintiff's claims that another package store would injure her business cannot be well taken. This view was adopted by Judge Baldwin in deciding Benson's Appeal*, in which he set aside the decision of the Zoning Board of Appeals which refused Benson a variance.
"Objections, the basis of which is that competition will result from the opening of a new market in the neighborhood, are without legal validity." 179 Duncan Avenue Corp. vs.Board of Adjustment, Jersey City, 122 N J.L. 292, 293.
"Disadvantage in property value or income, or both, to a single owner of property, resulting from application of zoning restrictions, does not, ordinarily, warrant relaxation in his favor on the ground of practical difficulty or unnecessary hardship." Thayer vs. Board of Appeals, 114 Conn. 15, 22.
Conversely, these same principles must be taken into consideration in determining the validity of the plaintiff's objections.
Eliminating the validity of this ground for objection, the court is, nevertheless, called upon to determine whether, under the circumstances, the action of the Zoning Board of Appeals was proper.
Pursuant to legislative authority, the City of Hartford enacted a zoning ordinance designed to promote the health, safety, morals, and general welfare of the community. The ordinance regulates the types of buildings, and their uses, within certain localities or neighborhoods. To insure its equitable administration, the ordinance creates a board of appeals which is empowered, among other things, to vary the zoning requirements, *Page 342 
under certain conditions, and under section 213f of chapter VIII is authorized to "Vary any requirement of this ordinance in harmony with its general purpose and intent, so that substantial justice may be done. This authority shall be executed in a manner to secure the public health, safety and welfare solely in instances where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of this ordinance."
On February 18, 1937, an amendment to section 213 was enacted giving the Zoning Board of Appeals the right to modify certain provisions of the ordinance permitting the use of buildings for the sale of alcoholic liquor. On April 24, 1940, a further amendment to the zoning ordinance was enacted providing as follows: "In a business zone, light industrial zone and heavy industrial zone, no building or premises shall be used, and no building shall be erected or altered, which is arranged, intended or designed to be used for a package store selling all alcoholic liquors, if any part of such premises is situated: (a) On any part of a lot having a frontage, on either side of a public street, within 1,500 feet radius in any direction of any lot or plot upon which is located a building, or premises used for the purpose of a package store selling all alcoholic liquors."
Under existing law, therefore, no building may house a package store if it is within a radius of 1,500 feet from a building in which a package store already exists. Since there were three package stores within this radius, the defendant Montano is precluded from establishing a fourth unless the Zoning Board of Appeals, in its wisdom, varies the strict requirements of the ordinance for reasons set forth in section 213f and "state[s] upon its records the reason why such change is made" in accordance with the requirements of section 132e of the 1939 Supplement to the General Statutes.
Ordinarily, an appeal from a decision of the Zoning Board of Appeals does not require or permit the court, by trial denovo, to substitute its finding and conclusions for the decision of the board. Its functions are limited to a determination whether the board has acted arbitrarily or illegally, or so unreasonably as to have abused its discretion. Blake vs. Boardof Appeals, 117 Conn. 527; Holley vs. Sunderland, 110 id. 80.
There is always a presumption in favor of the board that its action was dictated by the public interests and to give just *Page 343 
protection to the rights of individual property owners and to promote the welfare of its community. Strain vs. Mims,123 Conn. 275.
In view of the broad and important powers reposed in the board by legislative enactment and judicial credence, its deliberations and conclusions should manifest a sincere and honest effort jealously to uphold existing ordinances, and only in a rare case where strict compliance would involve a real hardship should relaxation be shown. To vary requirements indiscriminately, and without indicating valid reasons therefor, will ultimately nullify the real purposes of zoning and create disrespect for the law.
Our Supreme Court has well said in the case of Grady vs.Katz, 124 Conn. 525, 529: "It is manifest .... that the power of authorizing variations from the general provisions of the statute is designed to be sparingly exercised. It is only in rare instances and under exceptional circumstances that relaxation of the general restrictions established by the statute ought to be permitted. The power granted is only for the relief of specific instances, peculiar in their nature."
It is obvious, therefore, that no trivial reasons for changing ordinances should be countenanced by the board. "Where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of any provision of this ordinance or where the effect of the application of the ordinance is arbitrary, the board of zoning appeals shall have power in a specific case to vary any such provision in harmony with its general purpose and intent so that the public health, safety and general welfare may be secured and substantial justice done." Grady vs. Katz, supra, p. 528.
Evidence of practical difficulties or unnecessary hardships should be presented before the board and a finding of these facts incorporated in the record of the proceedings before the board.
The record, however, fails to show that the board, in granting Montano's application, found any "practical difficulties or unnecessary hardships" in the way of carrying out the strict letter of the zoning ordinance. This record constitutes all the evidence before the court and it should, therefore, contain a full and complete statement of the board's action, made with such particularity as to enable the court upon appeal to clearly *Page 344 
understand what was done and the reasons that motivated the board to act as it did. Perdue vs. Zoning Board of Appeals,118 Conn. 174.
In the Grady case, supra, decided in 1938, the Supreme Court ruled (p. 530) that while such a finding by the board was not legally required it was, nevertheless, "highly desirable." The court's suggestion was later adopted as law by the enactment of section 132e of the 1939 Supplement to the General Statutes, and now forms an essential part of the board's duties. This section provides that: "Whenever a zoning authority or a board of appeals shall make any change in a zoning regulation or the boundaries of a zoning district, it shall state upon its records the reason why such change is made."
Failure to comply with this statutory requirement leaves the court no alternative but to hold that the board's finding as appears in the certified record is legally insufficient. Furthermore, the court cannot find, from that record, that any of the elements of section 213f of the ordinances were presented to, or considered by the board, which would constitute legal justification for the granting of the variance.
The court, therefore, finds that the action of the Zoning Board of Appeals in granting this application was arbitrary and illegal and so unreasonable as to have amounted to an abuse of its discretion.
 The plaintiff's appeal is, therefore, sustained and her prayer for relief granted.