## HENRY JAMES BENSON *v.* ZONING BOARD OF APPEALS OF THE CITY OF HARTFORD.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued May 7—decided July 16, 1942.

*Frank A. Murphy*, with whom, on the brief, were *Harold Borden* and *Vincent W. Dennis*, for the appellant (defendant).

*Joseph P. Cooney*, for the appellee (plaintiff).

Brown, J.  The plaintiff, operating a tavern at 365 Asylum Street in Hartford under a permit for the sale of beer only, made application to the defendant board for variation of a zoning ordinance requirement to allow the operation of a restaurant with a full liquor permit at this location.  The plaintiff's tavern is located in a business zone and is within one thousand feet of six establishments dispensing liquor with full liquor permits.  The pertinent zoning ordinances of Hartford provide in substance that in a business zone no premises shall be used for a restaurant selling alcoholic liquor or beer (§ 201) if located upon property within one thousand feet of property on which there is a restaurant selling alcoholic liquor or beer, a tavern or a grill (§ 204.1); but that the board of appeals may determine and vary the application of the zoning regulations in harmony with the general purpose and intent of the ordinance so that substantial justice may be done, executing this authority "in a manner to secure the public health, safety and welfare solely in instances where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of this ordinance" (§ 213).  The defendant board denied the application and the plaintiff appealed to the Superior Court, which rendered judgment sustaining the appeal and ordering the defendant to grant the application.  Upon that appeal the question for determination was whether the defendant board in denying the plaintiff's application acted legally and within its discretion, as claimed by it, or illegally, arbitrarily or so unreasonably as to have abused its discretion, as contended by the plaintiff. *Piccolo* v. *West Haven,* 120 Conn. 449, 453, 181 Atl. 615; *Levine* v. *Zoning Board of Appeals of Meriden,* 124 Conn. 53, 57, 198 Atl. 173.

No evidence was offered at the hearing before the

defendant board, but counsel for the plaintiff urged that the application be granted, and counsel for neighboring competitors voiced their opposition. Upon the hearing of the appeal by the Superior Court the parties stipulated that the court should view the neighborhood and premises involved, which it did. As expressly appears from the finding, the court then found the facts assumed to have been the facts before the defendant board and in accord with our recognized procedure (*Grady* v. *Katz,* 124 Conn. 525, 530, 1 Atl. [2d] 137) used these as a basis for testing the defendant board's conclusion. The facts so found are not in dispute.

From the provisions of the ordinance above recited authorizing the board of appeals to vary the application of the prohibition which would otherwise preclude the granting of the plaintiff's application, it is clear that it would be unwarranted in granting him relief under the circumstances unless satisfied that by the enforcement of the strict letter of the ordinance "unnecessary hardship" to the plaintiff would result. Accordingly the burden rested upon the plaintiff of proving a situation disclosing such hardship. The decisive question presented by this record therefore is whether the finding contains facts which are sufficient to establish this essential as a matter of law. The only facts which can be claimed by the plaintiff to support it are these: The plaintiff holds a tavern permit for these premises and conducts a restaurant business there with a large patronage; the premises are suited to the conduct of a restaurant business; there is a demand among his patrons for other types of alcoholic liquor than beer, which he now sells; the granting of the application made by him to the defendant board is a prerequisite to his applying to the liquor control commission for a restaurant permit

which would enable him to sell alcoholic liquor other than beer, and to remain open on Sundays and between the hours of 1 a.m. and 9 a.m. for restaurant purposes; the closing of a restaurant formerly conducted by a tenant of his in an adjoining store which had remained open during the hours the plaintiff's place was closed has increased the restaurant patronage of the plaintiff's premises; these are located on a heavily traveled street in the business section within three or four blocks of the center of the city where there is a great deal of activity in the late evening and night hours, and they are in close proximity to two large theaters, a large bus terminal, the railroad station and several hotels. The most favorable inference to be drawn from these facts as to any resultant hardship to the plaintiff is that the defendant's denial of his application might prevent his realizing the increased profit incident to the sale of other alcoholic liquors than beer. That any possible loss to the plaintiff of this nature could ensue as well from a denial of a license by the liquor control commission as from the defendant board's denial of the application in question very likely accounts for the court's failure to find that any such loss was involved.

Be this as it may, had an express finding to this effect been made it would have fallen far short of establishing that this prospective loss amounted to an "unnecessary hardship" within the terms of the ordinance. As we said in *Thayer* v. *Board of Appeals*, 114 Conn. 15, 157 Atl. 273, at page 22: "Disadvantage in property value or income, or both, to a single owner of property, resulting from application of zoning restrictions, does not, ordinarily, warrant relaxation in his favor on the ground of practical difficulty or unnecessary hardship." *Grady* v. *Katz*, supra, 529. As clearly appears from our opinion in the *Grady* case,

in determining whether or not the board in the present case had reasonable grounds for its action this principle must be taken into consideration, together with the further principle stated in the *Thayer* case that " 'the power of authorizing variations from the general provisions of the statute is designed to be sparingly exercised. It is only in rare instances and under exceptional circumstances that relaxation of the general restrictions established by the statute ought to be permitted. The power granted is only for the relief of specific instances, peculiar in their nature.' *Norcross* v. *Board of Appeal* [255 Mass. 177, 185, 150 N. E. 887]." Testing the defendant board's decision by these principles we cannot say that its action was illegal, arbitrary or constituted an abuse of its discretion. The court therefore erred in sustaining the appeal from the defendant's denial of the plaintiff's application.

The record shows that the court's decision was predicated upon the premise that the defendant's denial of the application was based upon the objections of competitors, which were not "a proper factor to be considered under the zoning act." The court was correct in holding that the zoning authority has no right to regard the prevention of competition as a factor in administering the zoning law. See *179 Duncan Avenue Corporation* v. *Jersey City*, 122 N. J. L. 292, 5 Atl. (2d) 68; *Gabrielson* v. *Borough of Glen Ridge*, (N. J.) 176 Atl. 676, 678; *Robinson* v. *Town Council of Narragansett*, 60 R. I. 422, 437, 199 Atl. 308. The court was incorrect, however, in assuming that "the objections of competitors" were the basis of the board's denial of the application, for this is not borne out by the record. It is true that the transcript of the proceedings at the hearing before the board contains the frank statement by attorneys for competitors of the

plaintiff of their objection on this ground. There is nothing to establish, however, that this was the reason upon which the board based its denial. The sole record of its action is this entry in its minutes: "Com. LeRoy: I move it [the plaintiff's application] be denied. It's an unsuitable place as there are too many outlets and there is no public need or necessity for another. Com. Broadhurst: I second the motion. Action taken: The application was denied by a majority vote." The reason for the board's action therefore is not explicitly stated but the only reasonable construction of Commissioner LeRoy's remarks supplementing his motion, the adoption of which constituted the board's denial, is that the intent of the motion was in accord with the purpose of the restriction, which is to provide against there being too many places at which liquor can be sold within a given area, and not to prevent competition.

There is error, the judgment is set aside and the case is remanded to the Superior Court with direction to enter judgment dismissing the plaintiff's appeal.

In this opinion the other judges concurred.