## Matthew C. DeGregorio v. Zoning Board of Appeals of Berlin

Court of Common Pleas    Hartford County    File No. 46282

Memorandum filed March 27, 1947.

*Ribicoff & Ribicoff*, of Hartford, for the Plaintiff.

*Leo V. Gaffney*, of Hartford, for the Defendant.

PARMELEE, J. The plaintiff has appealed from the action of the zoning board of appeals of the town of Berlin in denying his application for a variation of the zoning ordinance require-ments in order to permit him to dispense alcoholic liquors in a restaurant to be operated on premises known as 680 Farmington Avenue, Kensington, in the town of Berlin.

This property is located in a business zone where the opera-tion of a restaurant is permitted, but because it is situated with-in fifteen hundred feet of a place at present selling alcoholic beverages to be consumed on the premises a zoning ordinance provides that it may not be used for the sale of alcoholic bever-ages to be consumed on the premises. Berlin Zoning Ordinance, § 12. Section 13 (6) of the ordinance provides that the zoning board of appeals may "Vary any requirements of these regula-tions in harmony with its general purpose and intent, so that substantial justice may be done. This authority shall be exer-

cised in a manner to secure the public health, safety and welfare solely in instances where there are practical difficulties or un- necessary hardships in the way of carrying out the strict letter of these regulations."

Plaintiff now operates a restaurant with full liquor permit on leased premises located a short distance from the property in question which he is obliged to vacate by reason of the expira- tion of his lease. He bought the property at 680 Farmington Avenue a few months ago intending to use it as a restaurant and inn. Plaintiff contends that the use of this property as a the power of the zoning board of appeals to grant variations. restaurant and inn is an appropriate use which will not be detrimental to the neighborhood. However that may be, since the granting of the application would be clearly contrary to the ordinance, it becomes necessary to examine the requested change with care to see if the situation is within the proper scope of the power of the zoning board of appeals to grant variations.

Referring to §§ 12 and 13 of the ordinance, it is clear that the zoning board of appeals would be unwarranted in granting relief unless satisfied that the enforcement of the strict letter of § 12 would result in "unnecessary hardship" to the plaintiff. The burden rested upon the plaintiff to prove a situation dis- closing such hardship. *Benson* v. *Zoning Board of Appeals,* 129 Conn. 280, 282.

To support this burden the facts claimed by the plaintiff are that he is now in the restaurant business in this neighborhood operating under a full liquor license; that he is a tenant in the premises and under the necessity of vacating at the expiration of his lease; that several months ago he purchased the property in question intending to make use of it as a restaurant and inn; that at the time of the purchase he did not investigate as to its availability to be used as a place for the sale of alcoholic liquor; that the property is in a run-down condition; that the use of this property as a restaurant and hotel is appropriate to the neighborhood and that it is doubtful if a restaurant and hotel at this location would be a profitable business venture unless alcoholic beverages could be served on the premises.

The most favorable inference to be drawn from these facts as to any resultant hardship to the plaintff is that the denial of his application might prevent his realizing the profit incident to the sale of alcoholic liquors, and that without that profit the investment necessary to put the property in condition for a restaurant or inn is not advisable or at least a less desirable

venture. It is well settled that "Disadvantage in property value or income, or both, to a single owner of property, resulting from application of zoning restrictions, does not, ordinarily, warrant relaxation in his favor on the ground of practical difficulty or unnecessary hardship." *Thayer* v. B*oard of Appeals,* 114 Conn. 15, 22; *Grady* v. *Katz,* 124 Conn. 525, 529; *Benson* v. *Zoning Board of Appeals,* supra 283; *Devaney* v. *Board of Zoning Appeals,* 132 Conn. 537, 542. "Financial considerations alone . . . cannot govern the action of the board. They are bound to take a broader view than the apparent monetary distress of the owner. Otherwise, there would be no occasion for any zoning law." *Thayer* v. *Board of Appeals,* supra. ". . . if the inability of an owner of land to obtain financial profit from it were the test, there would be little limit to the power of the board to grant variations." *Devaney* v. *Board of Zoning Appeals,* supra.

The evidence in this case fails to present a substantial basis for a finding that the application of the restrictive ordinance to this property greatly decreases or practically destroys its value for any permitted use or bears so little relationship to the purposes of zoning that, as to this property, the regulation is in effect arbitrary or confiscatory, but on the contrary strongly suggests that the plaintiff bought this property on the chance that he would be able to secure a variation of the ordinance expressly forbidding the sale of alcoholic liquors within fifteen hundred feet of another like outlet.

The reason for denying this application as entered upon the records of the board is stated as follows: "No adequate cause showing an exception." The decision of the board is affirmed.

The appeal is dismissed.