JOHN R. STAVOLA ET AL. *v.* WILLIAM H. BULKELEY ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS AND DICKENSON, JS.

Argued October 14—decided December 3, 1947

*John P. Cotter,* with whom was *John W. Joy,* for the appellants (plaintiffs).

*Frank R. Odlum,* with whom, on the brief, was *Samuel H. Aron,* for the appellees (defendants).

DICKENSON, J. The defendant zoning board of appeals of Hartford on September 4, 1945, granted the application of Nellie Salvatore for permission to conduct a restaurant where all kinds of alcoholic liquor could be sold, at variance with the provisions of a zoning ordinance requiring 1000-foot intervals between such restaurants, taverns and grills. The plaintiffs, neighboring property owners, appealed to the Court of Common Pleas, which dismissed the appeal. This is an appeal from that judgment.

The facts sufficient for a consideration of the issues upon which we decide the case may be summarized as follows: The premises are at 1309 Albany Avenue, within a business zone. Previous

applications for permits had been made by prior owners of the property in 1942 and 1944 and had been denied. From the transcript of the minutes of the board it appears that the permit was granted because "it will provide a much needed restaurant of this kind in the neighborhood." There is a tavern at 1444 Albany Avenue, 650 feet from the applicant's premises, and a grill at 1164 Albany Avenue with an all-liquor permit, 700 feet from the premises.

When the application was granted, § 20-3 of the Municipal Code of 1941 provided that no building in a business zone should be used for certain purposes, including those of a restaurant selling alcoholic liquor or beer, except as permitted in § 20-7. Section 20-7 contained special regulations relating to restaurants, taverns and grills and as amended read in part as follows: "In a business zone, no building shall be used . . . for a restaurant selling alcoholic liquor or beer, if any part of such premises is situated: On any part of a lot having a frontage, on either side of a public street, within one thousand feet as measured along the center line of such street, of any lot or plot having a frontage on such street and used for the purpose of a restaurant selling alcoholic liquor or beer, a tavern or a grill." The defendant board contends, however, that it had authority to vary this ordinance by virtue of another provision in the ordinances. Subsection (f) of § 20-17 contained a provision that the zoning board of appeals might "vary any requirement of this ordinance in harmony with its general purpose and intent, so that substantial justice may be done. This authority shall be executed in a manner to secure the public health, safety and welfare solely in instances where there are practical difficulties or unnecessary hardships in the way of carrying out the strict let-

ter of this ordinance." The defendants' claims of proof were based upon this section, and that was the theory upon which the case was tried. We follow that theory. Conn. App. Proc. § 22.

The trial court concluded that there was a sufficient change in the neighborhood of the applicants' premises to justify the board in reversing its former decisions and granting the application; that "there was practical difficulty and unnecessary hardship present" in the case; that the variance was within the general intent and purpose of zoning; and that the board did not act arbitrarily, illegally, unreasonably or in abuse of its discretion. The plaintiffs sought a correction of the finding to the effect that the board had made no finding of practical difficulty or unnecessary hardship, and have assigned error in the failure of the court to include this in the finding. The failure of the board expressly to find practical difficulty or unnecessary hardship in the enforcement of the letter of the ordinance does not affect the judgment of the trial court if the facts support such a conclusion. *Levine* v. *Zoning Board of Appeals*, 124 Conn. 53, 57, 198 A. 173. The question before us is whether the trial court could have reached the conclusions it did on the facts found, presumably those upon which the board granted the permit. *Skarzynski* v. *Liquor Control Commission*, 122 Conn. 521, 526, 191 A. 98.

In *Kamerman* v. *LeRoy*, 133 Conn. 232, 50 A. 2d 175, where § 20-17(f) was under consideration, we said (p. 235), "It is apparent that the principle underlying these . . . ordinances is that no variance in regulations is permitted unless it is in harmony with their general purpose and intent," citing in support *Thayer* v. *Board of Appeals*, 114 Conn. 15, 23, 157 A. 273. It is important to bear in mind in rela-

tion to subsection (f) that its purpose is to allow a variation "solely in instances where there are practical difficulties or unnecessary hardships in the way of carrying out *the strict letter of this ordinance.*" The italics are ours and the words italicized are of primary importance as indicating that no substantial change is contemplated by the ordinance but only such as will soften the rigor of its provisions. A zoning board of appeals "is created to keep the law 'running on an even keel' by varying, within prescribed limits and consonant with the exercise of a legal discretion, the strict letter of the zoning law, in cases of claims having real merit which can be granted consistently with the spirit and purposes of the general plan." *St. Patrick's Church Corporation* v. *Daniels,* 113 Conn. 132, 139, 154 A. 343. "The power to repeal, modify or amend a zoning ordinance rests in the municipal body which had the power to adopt the ordinance, and not in the zoning board of appeals." *Greenwich Gas Co.* v. *Tuthill,* 113 Conn 684, 694, 155 A. 850. In *Devaney* v. *Board of Zoning Appeals,* 132 Conn. 537, 541, 45 A. 2d 828, we pointed out that the words "practical difficulties" in the phrase "practical difficulties or unnecessary hardships" are in themselves insufficient to afford a guide to determine whether a variation should be granted, and that the phrase is to be construed as a whole; that the requirement that any variation shall be in harmony with the general purpose and intent of the ordinance is of prime significance; and that "unnecessary" qualifying the word "hardships" means hardships which would not follow as the ordinary results of the adoption of the zoning plan as a whole. To justify a variation under such a provision in a zoning ordinance, it must appear that the change will not substantially affect the comprehen-

sive plan of zoning in the municipality and that adherence to the strict letter of the ordinance will cause difficulties and hardships the imposition of which upon the petitioner is unnecessary in order to carry out the general purpose of the plan.

No situation is presented by the finding that meets this test. It suggests little more than that an all-liquor licensed restaurant is desirable in the locality and that the applicant will suffer financially if the permit is not granted.

There is error, the judgment is set aside and the case is remanded to be proceeded with according to law.

In this opinion the other judges concurred.