## CONCETTA RAFALA v. ZONING BOARD OF APPEALS, CITY OF HARTFORD, ET AL.

COURT OF COMMON PLEAS    HARTFORD COUNTY    FILE No. 47145

Memorandum filed January 3, 1948.

*Robert I. Ellis,* of Hartford, for the Paintiff.

*Samuel H. Aron, Thomas J. Hagagrty,* of Hartford, for the Board of Appeals.

*Joseph Klau, P. R. Ierardi,* of Hartford, for Frank Pulito.

PARMELEE, J.   On June 30, 1947, the defendant zoning board of appeals granted the application of the defendant Frank Pulito for a permit to use premises at 492 Front Street in the city of Hartford for the purposes of a package store to sell alcoholic liquors at variance with a provision of the zoning ordinance requiring an interval of 1500 feet between liquor outlets.   This action is an appeal to this court from the action of said zoning board of appeals by the plaintiff, a taxpayer, and owner of property at 485-517 Front Street. Article II, § 7, subsection 5, of the Hartford zoning ordinance provides: "A. No building or premises shall be used . . . (b) for a package store selling alcoholic liquor if any part of said building or premises is situated on any part of a lot within fifteen hundred feet radius in any direction of any lot upon which is located a building or premises used for the purpose of a package store selling alcoholic liquor." Within 1500 feet of the proposed location at 492 Front Street are twelve package stores selling alcoholic liquors. Article V,

§ 5, subsection 5, of the ordinance provides: "The Board of Appeals may . . . determine and vary the application of the regulations . . . in harmony with their general purpose and intent, and grant permits in the specific cases hereinafter listed. Said power shall be exercised only if there shall be difficulty or unreasonable hardship in carrying out the strict letter of the ordinance and so that the spirit of the ordinance shall be observed, public welfare and safety secured and substantial justice done." One of the specific cases listed is in subparagraph (n): "In business . . . zones the requirements of Article II, Section 7, Subsection 5, may be waived and permits given to . . . package stores which sell . . . alcoholic liquors." Subparagraph (n) is to be construed as being subject to the limitations prescribed by the provisions of Article V, § 5, subsection 5, quoted above. *Delaney* v. *Zoning Board of Appeals,* 134 Conn. 240.

A transcript of the hearing before the commission was certified to the court. No additional evidence was submitted.

The defendant Frank Pulito, hereinafter called the applicant, has operated a package store for several years in premises leased by him at 485 Front Street in the city of Hartford where he was paying a monthly rental of $45. During March, 1947, he was notified by the owner of the building that beginning on April 1 the monthly rent would be $125. As a result of conferences the landlord agreed to let him remain at a monthly rental of $100 but refused to give a lease for a specified period. Applicant refused to remain under these conditions and obtained a three-year lease of premises practically across the street at 492 Front Street at a rental of $65 per month. These premises however may not be used for a liquor package store except at variance with a provision of the Hartford zoning ordinance. Applicant has been in the business of selling liquor at 485 Front Street for thirteen years, having had the first package store in this vicinity. Prior to that he was a watchmaker at the same address. At present his only source of income is from this liquor package store business operated by himself and a twenty-one-year old son. No. 485 Front Street is located in a building in which there are other stores of varying size. The present owner of the building purchased the property for investment purposes and has raised the rental scale not only for the store at No. 485 but for all of the tenants in the building. There was no evidence as to

the fair rental value of 485 Front Street. The applicant testified however that his business was "terrible" and that he cannot afford to pay the increased rental demanded. Although it is not entirely clear, it would appear that the refusal of the owner to give him a lease for a term of years was as much, if not more, of a factor determining the decision to vacate than the increased monthly rental. Since the applicant has vacated his permit location at 485 Front Street he now finds himself unable to operate a liquor package store in nonpermit premises in this area without obtaining a variation of the 1500-foot ordinance.

In granting applicant's request for a variation to permit him to have a liquor package store at 492 Front Street the zoning board of appeals acted on the ground of difficulty or unreasonable hardship. It must be recognized that the requirement that any variation shall be in harmony with the general purpose and intent of the ordinance is of prime significance and that to justify a variation under this ordinance it must appear that the change or variance will not substantially affect the comprehensive plan of zoning in the municipality and that adherence to the strict letter of the ordinance will cause difficulties and hardships, the imposition of which upon the petitioner is unnecessary in order to carry out the general purpose of the plan. *Stavola* v. *Bulkeley*, 134 Conn. 186. The requirement of the ordinance that liquor package stores shall not be closer than 1500 feet to each other represents a definite policy on the part of the city as represented by its lawmaking body. Existing places at closer intervals continue as nonconforming uses, but as such uses cease, for any reason, the restriction will be more closely approximated. To grant a permit for the use of premises for a liquor package store where there are already twelve such places within 1500 feet flies directly in the face of the declared policy embodied in the ordinance. *Delaney* v. *Zoning Board of Appeals of Hartford*, supra.

There is no basis upon which it could reasonably be held that to permit another package store for the sale of liquor where there are already twelve such places within 1500 feet is in harmony with the general purpose and intent of the zoning regulations or in accordance with the spirit of the ordinance. The board was bound to take a broader view of this situation than the monetary distress of the applicant since a decision to authorize a variation must be based on more than financial hardship to an individual. *Devancy* v. *Board of Zoning Appeals*, 132 Conn.

537, 542; *Benson* v. *Zoning Board of Appeals,* 129 Conn. 280, 283, *Delaney* v. *Zoning Board of Appeals,* supra.

In granting the application of Frank Pulito for a variation of the Hartford zoning ordinance to permit the use of premises at 492 Front Street for a liquor package store, the defendant zoning board of appeals of the city of Hartford exceeded its powers, acted unlawfully, arbitrarily and in abuse of its legal discretion. The action of said board is reversed. The appeal is sustained.