THE STATE EX REL. HIGGINS, Respondent, vs. THE MAYOR AND COMMON COUNCIL OF THE CITY OF BELOIT, Appellant.

*March 21— April 25, 1889.*

*Intoxicating liquors: Revocation of license: Finding: Evidence.*

1. Sec. 1559, R. S., providing for the revocation of a license upon complaint if, upon the hearing, the proper board " shall find the complaint to be true," does not require a technical or formal finding. The adoption of a motion that, in view of the evidence presented, the license be revoked, is sufficient.

2. Upon a complaint that a licensee had unlawfully sold liquor to minors the evidence was that he was the proprietor of the saloon and was present when the minors procured the liquor, though he did not see them buy it; and that he had given his bar-keeper orders not to sell liquor to minors, but not at this time. *Held,* that such evidence justified the revocation of the license.

APPEAL from the Circuit Court for *Rock* County. The facts are stated in the opinion.

*B. M. Malone,* for the appellant.

*Cornelius Buckley,* for the respondent.

COLE, C. J. The material facts in this case are undisputed. It appears that the respondent had a license to sell

spirituous and malt liquors in the city of Beloit, subject to the conditions and restrictions contained in the license. Complaint in writing was made to the mayor and common council, charging that he had violated his license by unlawfully selling spirituous, malt, and intoxicating liquors to certain named minors, without the written order of their parents. A summons was issued, requiring the respondent to appear before the common council at a place and time specified, and show cause why his license should not be revoked. The respondent appeared in person and by attorney, and denied the charge in the complaint. Thereupon witnesses were produced both in support of the complaint and on the part of the defense. After the close of the evidence and argument of counsel for the respective parties, the matter was submitted to the common council. The mayor then called for the action of the common council on the case, when Alderman Wheeler moved that, in view of the evidence presented, the license of the respondent " be, and the same is hereby, revoked." This motion was seconded, and was adopted by the unanimous vote of the common council, the ayes and noes being called. The respondent was notified of this action of the council revoking his license, and sued out from the circuit court a writ of *certiorari* to review the proceedings of the common council. On the hearing the circuit court adjudged that the proceedings of the mayor and common council in the matter of revoking the license of the respondent were irregular, and set them aside.

The counsel for the city stated on the argument that the learned circuit court held that there should have been a formal finding by the common council that the complaint was true, in order to authorize the revocation of the license. We cannot concur in this view of the law. We have already stated the action of the common council or the conclusion which that body reached upon the case. They

adopted a resolution that, in view of the evidence, the license had been violated, and revoked it. This, we think, was all the finding that was necessary, under the statute. The statute does not require that there should be any technical or formal finding made by the body granting and revoking the license. It declares, in substance, that if, upon the hearing of the matter, the board shall find the complaint to be true, the license shall be revoked. R. S. sec. 1559. The phrase, "find the complaint to be true," means, in this connection, that the board is satisfied, and determines from the evidence adduced that the allegations of the complaint have been proven or established. The mayor and common council did, in effect, "find" or determine by the resolution which was adopted that the respondent had violated his license by selling spirituous or malt liquors to minors without the written order of their parents. They determined that issue of fact against the respondent, and declared such determination by resolution. No more formal statement of the result which they had reached upon the proof was called for or was necessary. The action of the common council in the matter was equivalent to a declaration that it appeared satisfactorily to them that the complaint was true.

The word "find" or "finding" in legal proceedings does not always imply the same thing. Where a cause is tried by the court, the finding means the facts which the court considers the evidence establishes. The court states such facts which constitute the finding. The jury finds a verdict or an issue in favor of one party or the other without stating any facts, except in a special verdict. But the word "find," as used in sec. 1559, R. S., means and implies that the board is satisfied from the evidence that the license has been violated by the licensee as charged in the complaint, and this conclusion or determination may be informally expressed. A resolution or order revoking the license indi-

cates sufficiently the finding or judgment of the board upon the issue or question involved in the denial of the complaint. It seems to us incorrect to say, in view of the action of the common council, that it "did not even intimate whether they believed the evidence given by the prosecution to be true, or that the character and nature of that evidence were sufficient to sustain the allegations of the complaint." This action surely did signify and indicate in a most unequivocal manner that the common council believed that the evidence established the truth of the complaint. On no other theory is that action rational or consistent with the undisputed facts.

We do not perceive anything in *Comm. v. Moylan*, 119 Mass. 109, in conflict with our view that there was a sufficient finding in this case. In the Massachusetts case it is said it should have appeared by the record, in some form, that the mayor and aldermen had upon proof determined that the license had been forfeited by reason of the licensee having violated some condition upon which it was to be exercised. Here it does sufficiently appear, after a full hearing, that the mayor and common council did determine that the license had been violated by the respondent, upon proofs satisfactory to them; and the record made of such decision or determination we deem sufficient to meet the requirements of the statute.

It was further insisted that the evidence fails to show that the respondent sold or had any agent in his employ who made the unlawful sale to the minors. But the undisputed evidence shows that the license was granted to the respondent himself, and that he was the proprietor of the saloon where the beer was sold. Indeed, he testified that he was in the saloon when the boys procured the beer, but did not see them buy it. He further says he had given his bar-tender orders not to sell beer to minors, but not at this time. He was, however, present, saw the boys, and could

have prevented them from procuring beer at his saloon had he been so disposed. He doubtless was willing to permit his agent to violate the law and the conditions of his license. At all events, this must be presumed, as he made no effort to prevent the unlawful sale. It was his clear duty to prevent it, and, failing to do so, he must be held responsible for the acts of his agent. We have considered this case upon the merits, and need not determine the question whether the court should have granted the motion to quash the writ or not. The court erred in not affirming the proceedings of the common council revoking the license of the respondent.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded with directions to enter judgment affirming the proceedings of the common council in the matter.