WILLARD F. MURPHY, et als,. in Equity

*vs.*

UTAH MINING, MILLING & TRANSPORTATION COMPANY.

York.   Opinion December 6, 1915.

*Bill in Equity.    Corporation.    Decree.    Laws of 1907, Chapter 137,*
*Public Laws of 1905, Chapter 85.    Receiver*
*Stockholders.*

Although the sitting Justice before whom the cause was heard filed no
findings of facts, the filing of the decree sustaining the bill and appoint-
ing a receiver is ipso facto a finding of fact in favor of the plaintiffs
upon some, or all, of the allegations in their bill.

On appeal by defendant.   Appeal denied with additional costs.

This is a bill in equity, brought by Willard F. Murphy, a minority
stockholder, and seven other minority stockholders in Utah Mining,
Milling and Transportation Company August 25, 1914, under the
provisions of Chapter 85 of Public Laws of 1905, as amended by
the Laws of 1907, Chapter 137, asking that the affairs of said
defendant corporation be wound up and said corporation be dis-
solved and that a receiver be appointed to wind up its affairs.

Answers and replication were filed.   The case was heard before
a single Justice, who made a final decree that bill be sustained.

From this decree, the defendant appealed to the Law Court.

The case is stated in the opinion.

*Frederick A. Hobbs,* for plaintiffs.

*Emery & Waterhouse,* for defendant.

SITTING:   SAVAGE, C. J., SPEAR, KING, BIRD, HANSON, JJ.

SPEAR, J.   Willard F. Murphy of Biddeford, a minority stock-
holder and seven other minority stockholders, under date of August
25, 1914, under the provisions of Chapter 85 of the Public Laws

of 1905, as amended by the Laws of 1907, Chapter 137, brought a bill in equity against the defendant corporation asking that the corporation be dissolved and that a receiver be appointed, both temporary and permanent, to wind up its affairs. The answer and replication were duly filed and the matter was heard before a Justice of the Supreme Court in chambers, and after a full hearing a decree was filed sustaining the bill of the plaintiffs, to which an appeal was taken upon which the case is now being heard. Although the sitting Justice filed no finding of facts, the filing of the decree sustaining the bill and appointing a receiver is ipso facto a finding of fact in favor of the plaintiffs upon some or all of the allegations in their bill. The only question, therefore, presented to us upon the appeal is whether there was any evidence which warranted the presiding Justice in making a decree in favor of the plaintiffs. The plaintiffs' bill contains allegations that the corporation should be dissolved because by the gross mismanagement of its affairs it was in imminent danger of insolvency, and because there was danger that the estate and effects would be wasted and because it had ceased to do business. From the evidence of Harry G. Gerrish, secretary and treasurer of the defendant corporation, and of Charles T. Birchard, who was a former officer and manager of the defendant company, we think the court was authorized to draw the inference that one or all of the three allegations alluded to was sustained. It appears by the bill that the vital and principal part of the property of the defendant corporation was what was known as the Lady Bryon group of claims. Without this group as a part of its workable property, the defendant corporation had left no mining property worth working. It further appears, and is admitted, that the Lady Bryon group of claims on the 23rd day of May, 1914, was sold and transferred to pay an indebtedness to Charles T. Birchard, and was later transferred by him to another corporation formed for the purpose of working this group. After the transfer of the Lady Bryon group to Birchard all the apparatus and machinery for working the defendant corporation was moved, and after that time no business was transacted by it. Mr. Gerrish said in answer to a question: "There has been no work done at the Utah Mining, Milling and Transportation Company property since the Lady Bryon claim was transferred to Mr. Birchard." He was further asked:

"As you understand, as treasurer of this defendant corporation, at the time or soon after the Lady Bryon group was bought, everything was moved,—the machinery, equipment, buildings—to the Lady Bryon group of claims." His answer was "yes;" and further, that nothing had been done to replace machinery or equipment since. Mr. Birchard fully confirms the testimony of Mr. Gerrish. Not only did the sitting Justice have before him this direct and positive testimony regarding the financial condition and abandoned operation of the defendant company, but also the spirit of the whole transaction as manifested by the attitude of the officers and majority of the stockholders toward the life or death of the defendant corporation.

*Appeal denied with additional costs.*