WALTER R. TEBBETTS vs. OLIVE S. TEBBETTS.

York.. Opinion February 21, 1924.

*In an old line life insurance policy the beneficiary has a vested interest; otherwise in fraternal insurance organizations. If the right to modify the policy, or change the beneficiary without his or her consent, is reserved in the contract, then such a policy creates a mere expectancy. When the contract is issued in a State other than that in which the insured resides at the time of its issuance, the lex loci contractus controls. The finding by a sitting Justice upon questions of fact are final unless clearly wrong. A sitting Justice not required to make a finding on questions of fact, a decree only is required.*

It is well settled by the great weight of authority that in the case of an old life insurance policy there is created in the beneficiary therein named a vested interest the moment the policy is issued; but in the case of a policy issued by fraternal insurance organizations this rule does not usually obtain.

When one claims an interest in an insurance policy, not because she is a beneficiary, but because she is an assignee of the policy to secure payment of money loaned, whether such loans were made, and whether, if made, they were paid, are questions of fact to be determined by the sitting Justice, and his decision is not to be reversed on appeal unless clearly wrong.

There is no obligation resting upon the Justice who hears the case to make a finding upon the facts; a bare decree is all that our statute, or equity practice, requires. But the filing of a decree, sustaining the bill, is ipso facto a finding of fact in favor of the plaintiff upon some or all of the allegations in his bill.

On appeal. A bill in equity brought under the provisions of R. S., Chap. 66, Sec. 6, wherein the plaintiff seeks to have delivered to him by the defendant two insurance policies issued upon his life, and other personal property, all of which the plaintiff alleged belonged to him but in the possession of the defendant who refused to deliver it to him, plaintiff and defendant being husband and wife, living apart. A hearing was had upon the bill, answer, replication and proof and a decree entered ordering defendant to deliver to plaintiff the two policies, one issued by the North Western Mutual Life Insurance Company, and the other issued by the Commercial Travelers Eastern Accident Association, and upon full compliance therewith defendant

to be relieved of all further accountability to the plaintiff for all other property declared on by him in the bill. From which decree the defendant entered an appeal. Appeal dismissed. Decree below affirmed. No costs to either party.

The case is fully stated in the opinion.

*Wilbur D. Spencer,* for plaintiff.

*E. P. Spinney,* for defendant.

SITTING: CORNISH, C. J., PHILBROOK, DUNN, MORRILL, WILSON, DEASY, JJ.

MORRILL, J., concurring in part by note.

PHILBROOK, J. This is a proceeding under the provisions of R. S., Chap. 66, Sec. 6, which allows either wife or husband to bring a bill in equity against the other for the recovery, conveyance, transfer, payment or delivery to the plaintiff of any property, real or personal, or both, exceeding one hundred dollars in value, standing in the name of the defendant, or to which the defendant has the legal title, or which is in the possession or under the control of the defendant, which in equity and good conscience belongs to the plaintiff, and which the defendant neglects or refuses to convey, transfer, pay over or deliver to the plaintiff, and, upon proper proof, may maintain the bill. This provision was enacted by Public Laws, 1913, Chapter 48, is entitled "An act conferring equity jurisdiction upon the Supreme Judicial Court to hear and determine property matters between wife and husband or husband and wife," and still stands in its original form. A leading case in which this court has been called upon to construe its terms and to declare the scope thereof is *Greenwood* v. *Greenwood*, 113 Maine, 226, which holds that where a wife received a conveyance by deed of homestead property which was not intended as a gift, and for which the only consideration was an agreement between herself and her husband as to their future method of living, which agreement was not carried out, to permit her to hold the property would be unfair, unreasonable and inequitable, that in equity and good conscience it belonged to the husband, and under the statute now under consideration he should be permitted to recover it. This opinion is a fair indication of the attitude of our court as to this statute even when the defendant had a legal title to

the property, acquired by a deed, sealed and executed, a most solemn instrument and carrying upon its face a presumption of consideration.

In the case at bar the decree from which the appeal is taken ordered the defendant wife to deliver to the plaintiff husband an insurance policy upon the life of the plaintiff, made payable to the defendant as beneficiary, together with a duly executed release of all claims to the proceeds of said policy, known in the case as the Northwestern policy; also an accident policy upon the life of the plaintiff, payable to the defendant as beneficiary, and known in the case as the Commercial Travelers' policy.

THE COMMERCIAL TRAVELERS' POLICY. The defendant claims an interest in this policy because she is named as the beneficiary therein. She claims that the moment the policy was issued it created a vested interest in her, the beneficiary therein named, and a vested interest in the money which might become due upon it, in case of the death of the insured, and that the insured could not assign nor surrender it without her assent. If this policy were an old line life insurance policy, so-called, and not an accident policy, this claim would be well founded, for in *Laughlin* v. *Norcross*, 97 Maine, 33, citing a long list of authorities, our court said: "It is settled by the great weight of authority that a policy of life insurance, the moment it is issued, creates a vested interest in the beneficiary therein named."

But *McManus* v. *Peerless Casualty Co.*, 114 Maine, 98, points out an important principle in these words: "The line of demarcation between a vested interest and a contingent interest in a life or accident policy is found in the terms of the contract. This line is also usually found in the character of the policy. The old line policies usually create a vested interest; the fraternal policies, it may be said, usually do not. If the policy reserves no right of control in itself or in the procurer, over the interest provided for the beneficiary, the policy, the moment it is issued, creates a vested interest in the beneficiary therein named. If the contract reserves the right to modify the policy or change the beneficiary without the consent of the beneficiary, then it creates a mere expectancy."

As to this policy, on the other hand, it is claimed by the plaintiff that the contract of insurance was executed at the home office of the insurance company in Boston; that the company is a Massachusetts corporation and subject to the laws of that commonwealth; that

the plaintiff was a resident of New Hampshire when he became a member of the association as shown by the policy; that lex loci contractus controls; that this is not a Maine contract; that the Maine cases cited by the defendant are inapplicable for the further reason that they apply to life policies terminated by death and not at all to accident insurance policies; that if the defendant's contention were sustainable the insured could not obtain possession of his own policy to enable him to bring suit thereon in case of partial injury where compensation might be recoverable by himself in person without cooperation of the beneficiary; that as the association was incorporated in Massachusetts it is governed primarily by the statutes of that state and not by its constitution and by-laws if they conflict with statutory provisions; and finally that the statute law of Massachusetts, in force when the policy was issued, provides "No beneficiary shall have or obtain any vested right in the said benefit until the same has become due and payable upon the death of said member." Acts 1911, Chap. 628, Sec. 6.

We are of opinion that under legal authority, and the facts borne out by the record, the plaintiff should prevail as to this policy.

THE NORTHWESTERN POLICY. The defendant makes no claim to this policy on the ground that she is the beneficiary named therein, but does claim title to it by virtue of the assignment of the same to her. (See Page 31 of defendant's brief). She claims that the assignment was for a valid consideration. This the plaintiff denies. It appears that about the year 1910 the plaintiff hired money of the defendant and for that loan gave her his note, which he claims to have fully paid with interest, and says that he never had any other loans from her. The defendant claims that the note was not fully paid and that other loans were made by her to her husband, which have never been paid, all of which other loans she says formed the consideration for the assignment. Whether the note given in 1910, or thereabouts, was paid, whether other loans were made, and if so whether they were paid, were all questions of fact to be decided by the sitting Justice. As confirming his views it is important to observe that while a note evidenced the loan of $250 or $262 yet no note given for others, no book account, no cancelled checks, no memorandum of any kind, were produced in evidence, to sustain the defendant, although, to be sure, she claimed that she once had a memorandum of the loans which she did not preserve because she considered the assignment of the policy a security for her loans.

There are no "findings" of the sitting Justice in the record although counsel have referred to such in their argument. There is no legal obligation resting upon the justice to find any statement of facts. A bare decree is all that our statute or equity practice require. *Peirce* v. *Woodbury*, 100 Maine, 17; *McKenney* v. *Wood*, 108 Maine, 335. But the filing of a decree, sustaining the bill, is ipso facto a finding of fact in favor of the plaintiff upon some or all of the allegations in his bill. *Murphy* v. *Utah Mining &c. Co.*, 114 Maine, 184. The term "finding" usually imports the ascertainment of a fact in a judicial proceeding, and commonly is applied to the result reached by a Judge, and a statement in the decision of the trial Judge termed a "finding" will ordinarily be treated as a finding of fact if it is capable of such an interpretation. *Garden Cemetery Corporation* v. *Baker*, 218 Mass., 339; Am. Ann. Cases, 1916, B. 75.

It is a well-settled doctrine that the findings of a single Justice in equity procedure, upon questions of fact necessarily involved, are not to be reversed upon appeal unless clearly wrong, and that the burden is on the appellant to satisfy the court that such is the fact, otherwise the decree appealed from must be affirmed. *Androscoggin County Savings Bank* v. *Tracy*, 115 Maine, 433; and it is equally well settled that in appeals from the decree of a sitting Justice in equity cases the vital question is whether there be sufficient legal evidence to sustain the decree below, which carries with it a presumption in its favor. *Redman* v. *Hurley*, 89 Maine, 428.

After a careful examination of the testimony, and full consideration of the extended and able arguments of counsel, we are of the opinion that the appellant has not sustained the burden of satisfying the court that the decree is clearly wrong. Under the express terms of the statute no costs are to be awarded against either party.

> *Appeal dismissed.*
> *Decree below affirmed.*
> *No costs to either party.*

MORRILL, J. I concur in the opinion as to the policy issued by the Commercial Travelers Eastern Accident Association.

Fully appreciating the weight to be given to the decree of the sitting Justice, I am unable to concur in the opinion as to the policy issued by the Northwestern Mutual Life Insurance Company. I

think that the decree below should be modified so as to secure to the defendant $650 from the proceeds of that policy, which has matured since the bill was filed.