MARY B. PERDUE ET AL. *vs.* ZONING BOARD OF APPEALS OF NORWALK.

MALTBIE, C. J., HAINES, BANKS, AVERY and SIMPSON, Js.

Argued December 8th, 1933—decided February 8th, 1934.

*Nehemiah Candee* and *Robert M. Wolfe, Jr.,* for the appellants (plaintiffs).

*William F. Tammany,* for the appellee (defendant).

SIMPSON, J. This is an appeal from the granting, by the zoning board of appeals of the city of Norwalk, to one L. J. Currie, of a certificate of approval of a location of a station on West Avenue for the sale of gasoline. One of the appellants, and the wife of the other, are owners of property in the vicinity of the proposed station. The appellants have filed nineteen assignments of error. It is not necessary to consider all these *seriatim,* as many of them over-lap and are repetitious, contrary to our rules of procedure, which require that assignments of error be so made as to avoid unnecessary prolixity or repetition. Rules for Appellate Procedure, § 16. The appellants in their brief have, however, attempted to classify the assignments of error in groups, and we will follow this course so far as necessary. The appellants' claims, aside from two rulings on evidence and the court's refusal to permit the filing of an amendment to the reasons of appeal, which will be considered separately, are that the court erred in dismissing the appeal and in ruling and holding that the zoning board of appeals gave due consideration to the relevant facts prescribed by the statute before granting the permit for the location of

the gasoline filling station; that the zoning board of appeals made no finding of the facts, upon which its action was based, as it is claimed the statute requires, and also because the board did not and could not find "that public convenience and necessity required the sale of gasoline or other products at the proposed location." The statute in question is printed in the footnote.

In reference to these claims, the trial court has found that the board held a hearing on the application of Currie, and "legally advertised and gave due notice of the hearing on said petition;" visited the site of the proposed location of the gasoline station and, following such visit and in connection with the hearing on the application of Currie, found that the location satisfied all legal requirements and thereupon issued its approval of the application. The court further found that, though the board did not make a formal finding of facts following the hearing on the application, it "did consider the proximity of schools, churches and other places of public gatherings in the vicinity of said proposed location, of intersecting streets, of the sufficiency of number of similar stations in said vicinity, of traffic conditions over the highway, and the effect of public travel, and it also con-

General Statutes, Cum. Sup. 1931, § 311a (Cum. Sup. 1933, § 460b). ". . . No such certificate shall be issued unless such selectmen, town manager, mayor, warden or board of appeals shall find that such location is suitable for the sale of gasoline and other products, due consideration being given to the proximity of schools, churches, theatres or playhouses or other places of public gatherings, intersecting streets, sufficiency in number of similar stations or locations in the vicinity, traffic conditions, width of highway and effect of public travel, and shall also find that public convenience and necessity require the sale of such gasoline or other product at the proposed location, that such use of such proposed location will not imperil the safety of the public and that the applicant is a suitable person to conduct such station."

sidered the question of public convenience and necessity and it also considered whether the proposed location would imperil the safety of the public as a traffic hazard, but after consideration of such questions, issued its approval of said application and embraced its consideration of said questions and its conclusions in the finding that said location 'met all legal requirements.' " Unless these findings of the court can be materially corrected, the first stated claim of appellants will have to be overruled.

It appears from the finding of the court, to which no objection is made, and from the minutes of the zoning board introduced by the appellants, that the board held two hearings on the petition of Currie, one on October 6th, 1932, and an adjourned meeting thereof on October 20th, 1932. These appellants and others appeared at the meetings of the board and were fully heard respecting the granting of the certificate of approval of the location. At the meeting on October 20th, Dr. Perdue was represented by counsel, who filed with the board a copy of the statute in question, particularly calling to the attention of the board the provisions thereof. The minutes of the meetings of the zoning board of appeals are obviously very far from a complete transcript of the proceedings before it. Yet even so, it appears that the appellants raised substantially all the questions which the statute requires a zoning board to consider before granting a certificate of approval. At the conclusion of the hearing on October 20th, Mr. Taylor (presumably a member of the board) said: "This section is zoned for business. We have been up there and looked over the whole situation. It seems to me that the applicant has met every requirement. It is a straight application and I move that it be granted." Dr. Davenport, also presumably a member of the zoning board, sec-

onded the motion. It does not appear from the minutes that the motion was formally passed, or that a quorum was present, but it is alleged in the appeal, and is admitted by answer, that "the said Board" granted the application. The appellants are therefore estopped from now claiming that it did not.

The burden of proof to show that the board acted improperly was upon the appellants. *Stevens* v. *Connecticut Co.*, 86 Conn. 36, 41, 84 Atl. 361. We cannot assume that the board did not consider and comply with the requirements of the statutes as to the conditions necessary for its approval of the location. Should we strike from the finding the statement as to the matters considered and found by the board, we could not insert the contrary findings sought by the appellants, because of the lack of proof, and lacking the proof, the appellants cannot prevail upon their claim that the finding should be corrected.

It was not legally necessary that the zoning board make a formal finding of facts upon which its action was based. No statute requires that it do so. It is an administrative body and less formality is to be expected than in a more deliberative body; but even in court, where a statute does not require a formal or special finding of fact, the passing of a decree is, *ipso facto,* a finding of fact in favor of the plaintiff upon some or all the allegations of the bill. *Murphy* v. *Utah Mining, M. & T. Co.*, 114 Me. 184, 95 Atl. 887; *Tebbetts* v. *Tebbetts*, 124 Me. 262, 266, 127 Atl. 720. In *State ex rel. Higgins* v. *Beloit*, 74 Wis. 267, 269, 42 N. W. 110, 111, upon a complaint brought to the common council that a licensed liquor dealer had sold intoxicating liquors to a minor contrary to law under a statute which provided that if, on complaint to the common council that a licensed liquor dealer has violated his license, the council "shall find the complaint

to be true the license shall be revoked," it was held, after a hearing thereon, a resolve by the council "that in view of the evidence presented, the license of the respondent be, and the same is hereby revoked," was a sufficient finding that the complaint was true, without formally expressing that fact. But while the statute does not in terms require a formal finding of facts, it is, nevertheless, highly desirable that the minutes contain a full and complete statement of the action of the board, with such particularity as will enable a court, upon appeal, to clearly understand what was done.

While it is found that the board did consider whether public convenience and necessity required the sale of gasoline or other products at the proposed location, that provision of the statute is not a proper regulatory measure but rather a violation of constitutional provisions. In *State* v. *Kievman,* 116 Conn. 458, 470, 165 Atl. 601, we held that a junk business or junk yard was manifestly a business "not so charged with a public use as to justify a requirement of a showing of public convenience or necessity as a condition precedent to permission to engage in it." Neither is the business of selling gasoline so charged with a public use or duty as to justify such a condition. Selling gasoline is not a business or privilege to be exercised only by virtue of a public grant, but is a common right to be exercised independently by any competent person conformably to reasonable regulations, such as pertain to public health and safety, and others of a similar nature, equally applicable to all who choose to engage therein. *New State Ice Co.* v. *Liebmann,* 285 U. S. 262, 273, 52 Sup. Ct. 371.

The proposed amendment to the appeal, offered by appellants after the court had proceeded to hear the evidence, and disallowed by the court, was, on the

whole, merely an amplification of the allegations of the original appeal, particularly of paragraph thirteen thereof. The disallowance of the amendment was within the sound discretion of the court. The appellants were permitted to and did make the claims alleged in the amendment, and they were duly considered by the court. Even if allowed, the amendment would not have materially changed the issues, and we cannot predicate error upon the denial of the motion to amend. *Sherman's Sons Co.* v. *Industrial & Mfg. Co.,* 82 Conn. 479, 482, 74 Atl. 773.

The objections to the two rulings upon evidence are without merit. The question asked of one of the witnesses, as to whether, in his opinion, public convenience and necessity required the opening of this gasoline station, related to an issue which, as we have already stated, was not a proper subject of inquiry. The record does not disclose that exception was taken to the exclusion of the question asked of the other witness.

There is no error.

In this opinion the other judges concurred.