## DAVID CRAMER
*vs.*
## ZONING BOARD OF APPEALS OF NEWINGTON

Superior Court          Hartford County          File No. 65130

MEMORANDUM FILED JULY 1, 1941.

*Edward S. Rogan,* of Hartford, for the Plaintiff.

*Kirkham, Camp, Williams & Richardson,* of New Britain, for the Defendant.

SIMPSON, J. This is an appeal from denial by the Zoning Board of Appeals of the Town of Newington of an application for a certificate of approval of the location for a proposed gasoline station.

It is conceded that application was properly filed by the

plaintiff and that the zoning board of appeals duly held hearings for the consideration of the application. The only question before this court is whether or not the board in denying the certificate of approval acted illegally, arbitrarily or in abuse of its discretion.

It appears that the board held a hearing on March 31, 1941. At this hearing, which lasted approximately two hours, it was voted "to postpone action for two weeks in order to study traffic conditions, etc., at this particular corner." At an executive session of the board held on April 14, 1941, it was unanimously voted that the application "be denied because of the proximity of this location to the church, schools, theatre, library and necessitating a large amount of youth traffic from the center of the town, and because of the overwhelming objection of the public and lack of public necessity."

The application was for a certificate of approval for a gas station at the northwest corner of Main and Cedar Streets in the approximate center of the Town of Newington. The two streets are the two main arteries of traffic through the town and at the intersection devices are used for the control of traffic.

The reasons assigned for the denial of the application are as follows: 1. Lack of public necessity. 2. Overwhelming objection of the public. 3. Proximity of the location to the church, schools, theatre, library, necessitating a large amount of youth traffic from the center of the town.

Reason one is not a proper legal reason. Such a consideration is invalid upon constitutional grounds. *Perdue vs. Zoning Board of Appeals,* 118 Conn. 174.

Reason two is also an improper reason. The number of persons favoring or opposing the application is of no materiality. Any valid reasons which any of the public may have upon the subject are proper consideration for the board. It is the relevant facts and factors in regard to the questions involved which must guide the members of the board.

The third reason given by the board is not to be given a strict construction. They continued the hearing for the purpose of studying the traffic conditions at this particular corner. It does not appear that the church, theatre, library or schools are within such proximity of the corner that the opera-

tion of a gasoline station at the corner would interfere with their usual functions. It might be so if the operation of a garage at the particular corner were in contemplation. But such is not the case. It seems clear from the vote, which is not to receive too strict a construction, and from the minutes of the meetings, that the board was considering whether or not the location of a gasoline station on the corner would imperil the safety of the public. As stated above, two of the main arteries of traffic through the Town of Newington intersect at this corner. The Highway Department installed devices for regulating the traffic thereon. This would indicate that the Highway Department considered it a dangerous intersection. The location of a gasoline station would undoubtedly bring more traffic to and across the intersection. While school children and others going around the corner might not be seriously imperiled by automobiles entering and leaving the gasoline station across the sidewalk, it would increase the peril to some extent in that respect, but in the opinion of the court not seriously. But it is clear that this intersection presents a traffic problem. Having viewed the premises and surrounding situation, the court would not say, in view of the evidence, that the gasoline station would materially increase the peril growing out of the traffic problem. That is a question, however, in regard to which reasonably minded persons might disagree. That being so, the court cannot say the board acted unreasonably and arbitrarily in denying the application upon the ground that it would imperil the safety of the public at that intersection. For that reason it has come to the conclusion that an appeal should be dismissed.

Appeal dismissed.