ARMANDO BACCANTE ET AL. *v.* ZONING BOARD OF APPEALS OF THE CITY OF BRIDGEPORT ET AL.

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, Js.

Argued June 1—decided July 13, 1965

*George J. Ferrio,* for the appellants (defendants VanHise), with whom was *John J. McGuinness,* for the appellant (named defendant).

*George A. Saden,* with whom was *Sturges N. Laros,* for the appellees (plaintiffs).

SHANNON, J.  The defendants Burton E. and Natalie W. VanHise applied to the zoning board of appeals of Bridgeport for a variance of the zoning regulations relating to land which they own at 248 Horace Street.  They proposed to erect an apartment house having thirty-four efficiency units, with off-street parking for forty automobiles, on three fifty-foot lots on Horace Street which have a depth of 240 feet.[1]  The lots are in a residence B zone, which allows, among other uses, two-family dwellings.

The VanHises claimed in their petition as a reason for seeking a variance that their specific hardship is their inability to enjoy the "use of [their] property as other non-conforming uses in the area."  Those nonconforming uses are several three-family houses which were erected before the enactment of zoning in Bridgeport.

After a public hearing, the zoning board of appeals granted the variance but gave no reason for its action.  The plaintiffs, neighboring landowners, appealed to the Court of Common Pleas, which, after a hearing and a view of the premises, sustained the appeal.  The VanHises have appealed to this court.

The court found that the plaintiffs were aggrieved persons.  It did not, however, make a special finding of aggrievement as it should have.  The

---

[1] The plans submitted at the public hearing provided for thirty-four units although the petition indicated only thirty units.

question of aggrievement was for the trial court to decide. *Fox* v. *Zoning Board of Appeals,* 146 Conn. 665, 667, 154 A.2d 520. The record before the board in this case was sufficient, however, to establish the issue. The assignment of errors does not raise any question of aggrievement, and it was not an issue before the trial court, so we have decided to overlook the lack of a special finding. *Bright* v. *Zoning Board of Appeals,* 149 Conn. 698, 703, 704, 183 A.2d 603; cf. *Hickey* v. *New London,* 153 Conn. 35, 37, 213 A.2d 308.

The VanHises had owned this property for five or six years before the date of the public hearing, and it has been at all times in a residence B zone. In support of their claim of hardship, the VanHises maintain that their land is undesirable for two-family dwellings because it would be uneconomical to develop the land for other than an apartment house, which would absorb the special costs associated with this particular piece of land. The land backs into a ledge which the VanHises claim would require piling for building construction. They also claim that the land is below street level and was under water at the time of the hearing. These features indicate, the VanHises claim, that the use of this property for conforming two-family dwellings would be too expensive. Clifford Richmond, a plaintiff and an abutting landowner, has built a one-family house on piling. There are ten two-family houses directly across from the site of the proposed apartment house as well as four one-family houses to the left of the two-family houses. Furthermore, there is no evidence that the VanHises have ever attempted to make any actual use of the land prior to their petition.

The hardship specifically claimed in the petition

for a variance was that the VanHises desired to enjoy a use of their property similar to other nonconforming uses in the area. The legal inefficacy of such a reason is so apparent as to require little discussion. There are no apartment houses in this area. They are not permitted. The only nonconforming uses existing here are three-family dwellings, a use which the VanHises did not seek, nor appear to want. They only endeavored to show that their proposed apartment with thirty-four efficiency units would be a more desirable financial investment.

Zoning regulations in general seek the elimination of nonconforming uses, not their creation or enlargement. *Beerwort* v. *Zoning Board of Appeals,* 144 Conn. 731, 733, 137 A.2d 756, and cases cited. The power to grant a variance is to be sparingly exercised and only to avoid an unnecessary hardship. Rarely is it enough that the owner can obtain a better income if the variance is granted. *Talmadge* v. *Board of Zoning Appeals,* 141 Conn. 639, 643, 109 A.2d 253. Ordinarily, mere financial loss does not constitute a hardship warranting the granting of a variance. *Krejpcio* v. *Zoning Board of Appeals,* 152 Conn. 657, 662, 211 A.2d 687; *Makar* v. *Zoning Board of Appeals,* 150 Conn. 391, 395, 190 A.2d 45; *Devaney* v. *Board of Zoning Appeals,* 132 Conn. 537, 543, 45 A.2d 828. Neither the record before the board nor the appendices to the briefs show more than the possibility of a smaller return on the VanHises' investment if the property is used in conformity with the regulations.

The VanHises failed to prove any unnecessary hardship or exceptional difficulty which would entitle them to a variance under the Bridgeport zoning regulations. The action of the board was not

in harmony with the general purposes of the zoning regulations and was therefore illegal, arbitrary and in abuse of its discretion. The position which the VanHises find themselves in is one of their own making. When they bought the property five or six years before the filing of this petition, it was in its present zonal classification. They have made no effort to use the property in conformity with the zoning regulations. The court was correct in sustaining the appeal.

There is no error.

In this opinion the other judges concurred.