[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff is the owner of a long, narrow, parallelogram-shaped lot situated in the town of Stratford. The lot is approximately 100 feet wide and 550 feet long. At one end, it fronts on Ocean Avenue. On the other end its border is the high water line of Long Island Sound. To CT Page 3421 enable him to carve another lot out of the front of this parcel, the plaintiff filed two applications for variances with the board of zoning appeals of the town of Stratford (board). The first petition sought a variance of § 4.2 of the zoning regulations for the portion of the lot bordering on Ocean Avenue to vary the lot width requirement of 100 feet to 78.53 feet for the new lot. The second application pertained to the would-be rear lot and requested a variance of § 4.2 to reduce the lot width from 100 feet to 20.14 feet and § 3.3 to reduce street frontage from fifty feet to 20.14 feet in order to reserve an accessway from Ocean Avenue to the rear lot. Both applications claimed the same hardship: "better utilization of land and best conforms to existing lots in immediate area. Existing parcel is five times greater than regulations require." A duly noticed public hearing was held on the applications. The board subsequently convened and defeated a motion to grant the applications, two members voting in favor of the motion and three voting against. From that action, the plaintiff has appealed.
General Statutes 8-8(b) provides that "any person aggrieved by any decision of a board may take an appeal to the superior court. . . ." "`Board' means a . . . zoning board of appeals. . . ." General Statutes8-8 (a)(2). In an appeal from a zoning board, the court should make a finding of aggrievement. Baccante v. Zoning Board of Appeals, 153 Conn. 44,45, 212 A.2d 411 (1965); Fox v. Zoning Board of Appeals, 146 Conn. 665,667, 154 A.2d 520 (1959). The evidence establishes that the plaintiff is the owner of the subject property. As the owner of the property that was the subject of the board's decision, the plaintiff is aggrieved. Winchester Woods Associates v. Planning Zoning Commission,219 Conn. 303, 308, 592 A.2d 953 (1991); Rogers v. Zoning Board ofAppeals, 154 Conn. 484, 488, 227 A.2d 91 (1967).
"The authority of a zoning board of appeals to grant a variance under General Statutes 8-6 (3) requires the fulfillment of two conditions: (1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan. Smith v.Zoning Board of Appeals, 174 Conn. 323, 326, 387 A.2d 542 (1978). Grillov. Zoning Board of Appeals, 206 Conn. 362, 368, 537 A.2d 1030 (1988). It is well settled that the hardship must be different in kind from that generally affecting properties in the same zoning district . . . . Smithv. Zoning Board of Appeals, supra, 174 Conn. 327; Grillo v. Zoning Boardof Appeals, supra, 206 Conn. 373." (Internal quotation marks omitted.)Francini v. Zoning Board of Appeals, 228 Conn. 785, 790, 639 A.2d 519
(1994). CT Page 3422
General Statutes § 8-7 provides in part: "Whenever a zoning board of appeals grants or denies any . . . variance in the zoning regulations applicable to any property . . ., it shall state upon its records the reason for its decision. . . ." Here, the board did not state a reason for its decision. "When a zoning board does not state the reasons for its decision on the record, the court must search the record to attempt to find some basis for the action taken. Grillo v. Zoning Board ofAppeals, 206 Conn. 362, 369, 537 A.2d 1030 (1988); Ward v. Zoning Boardof Appeals, 153 Conn. 141, 144, 215 A.2d 104 (1965); Aitken v. ZoningBoard of Appeals, 18 Conn. App. 195, 205, 557 A.2d 1265 (1989)." Hainesv. Zoning Board of Appeals, 26 Conn. App. 187, 192, 599 A.2d 399 (1991); see West Hartford Interfaith Coalition v. Town Council, 228 Conn. 498,515, 636 A.2d 1342 (1994); Samperi v. Inland Wetlands Agency, 226 Conn. 579,589, 628 A.2d 1286 (1993); Protect Hamden/North Haven v. Planning Zoning Commission, 220 Conn. 527, 544, 600 A.2d 757 (1991); Double ILtd. Partnership v. Plan Zoning Commission, 218 Conn. 65, 73,588 A.2d 624 (1991); Gagnon v. Inland Wetlands Watercourses Commission,213 Conn. 604, 607-609, 569 A.2d 1094 (1990), and cases cited therein. Moreover, the evidence supporting the board's decision must be substantial evidence. Mobil Oil Corp. v. Zoning Board of Appeals,35 Conn. App. 204, 209, 644 A.2d 401 (1994); see generally Kaufman v. ZoningCommission, 232 Conn. 122, 149-153, ___ A.2d ___ (1995).
With respect to the requirement that a variance not affect substantially the comprehensive zoning plan, the board points to a report of the Stratford Planning Commission, consisting of a single sentence, which "recommends denial of this petition since the minimum requirement for road frontage is 50 feet, and the granting of this petition would create an additional house that is out of alignment and character with the remaining neighborhood." This "report", however, cannot alter the physical reality on the ground. Like many beach-front areas in southern Connecticut, the plaintiff's property is in a neighborhood marked by tiny, undersized lots, many of which have little road frontage. The new lot proposed by the plaintiff would have more than fifty foot of frontage. The rear portion, the remaining lot, would have less than fifty feet of frontage but the other dimensions of most of that parcel would equal or exceed those of virtually every other lot in the immediate area. As for the Planning Commission's remark as to the "alignment" of the house on the proposed new lot, it suffices to say that the defendant has not cited any zoning regulation which governs "alignment". In light of the character of the neighborhood, there is no substantial evidence that the requested variances would affect substantially the comprehensive zoning plan. See Fuller, Land Use Law and Practice § 9.2 (1995 Supp.). CT Page 3423
However, the court finds that the plaintiff did not show unusual hardship. At the oral argument of the appeal the plaintiff argued that there exists a hardship in that his parcel is subject to one of the highest residential tax bills in the town because of the formula utilized by Stratford for determining property taxes, and that the board has granted variances with respect to other properties based on this reason. This claim is severally flawed. Firstly, "[t]he hardship which justifies a board of zoning appeals in granting a variance must be one that originates in the zoning ordinance"; Pollard v. Zoning Board ofAppeals, 186 Conn. 32, 39, 438 A.2d 1186 (1982); not primarily in the tax laws. If the plaintiff believes that he is being unfairly taxed, he has statutory remedies for such a grievance. Second, there was no evidence that the board had ever granted variances because of the owner's tax burden, only that two applications in the past had sought variances based on such a claim. Third, even if the board had granted variances in the past on such a ground, the board cannot by ad hoc decision overrule or supersede appellate case law as to what constitutes a hardship. That case law provides that matters of taxation generally do not give rise to a hardship warranting a variance from zoning regulations. Spencer v. Zoning Board of Appeals, 15 Conn. App. 387, 391,544 A.2d 676 (1988). Fourth, in this case the record reflects that there was no mention of taxes before the board.
Fifth, such an argument is nothing more than a claim of financial hardship. Absent a situation amounting to confiscation, financial loss or the potential of financial advantage to the applicant is not the proper basis for a variance, and does not constitute hardship. Garibaldiv. Zoning Board of Appeals, 163 Conn. 235, 239, 303 A.2d 743 (1972); Fuller, op.cit. § 9.3, p. 152. "`Disadvantage in property value or income, or both, to a single owner of property, resulting from application of zoning restrictions, does not, ordinarily, warrant relaxation in his favor on the ground of practical difficulty or unnecessary hardship.' Thayer v. Board of Appeals, 114 Conn. 15, 22, 157
n. 1, 118 A.2d 894 (1988). `Financial considerations are relevant only in those exceptional situations where a board could reasonably find that the application of the regulations to the property greatly decreases or practically destroys its value for any of the uses to which it could reasonably be put and where the regulations, as applied, bear so little relationship to the purposes of zoning that, as to particular premises, the regulations have a confiscatory or arbitrary effect.' Carlson v.Zoning Board of Appeals, 158 Conn. 86, 89-90, 255 A.2d 841 (1969)."Grillo v. Zoning Board of Appeals, 206 Conn. 362, 369, 537 A.2d 1030
(1988). Such is not the case here.
Finally, the plaintiff claims that the denial of his application CT Page 3424 amounts to a practical confiscation of his property. Because this claim is inadequately briefed, and is not supported by the record, it is deemed abandoned. Grace Community Church v. Planning ZoningCommission, 42 Conn. Sup. 256, 259, 615 A.2d 1092 (1992).
The appeal is dismissed.
BY THE COURT
Levin, J.